IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS                 :
    Plaintiff                   :
    vs.                        : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY, :
    et al.                     :
    Defendants             :

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of the plaintiff's motion to enforce and any response thereto, the motion is hereby granted. It is hereby ordered that defendants shall, within 10 days of the date of this order, bring themselves into full compliance with the settlement stipulation in the above matter by issuing a check to Community Legal Services, Inc. in the amount of $300.00, plus interest at the rate of six percent per annum for the period of time from September 16, 2002 through the date of the receipt of the funds. It is further ordered that the defendants shall otherwise comply with all other provisions of the settlement stipulation.

Finally, it is ordered that plaintiff is awarded reasonable attorneys for the prosecution of this motion. If the parties cannot reach an agreement on the amount of attorneys fees, plaintiff shall file her motion to determine the amount of attorneys fees within 30 days of the date of entry of this order.

**BY THE COURT:**

_____
**U.S. DISTRICT COURT JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS  :
    Plaintiff  :
vs.  : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY,  :
  et al.  :
    Defendants  :

### MOTION TO ENFORCE SETTLEMENT AGREEMENT

1. The plaintiff commenced the above-captioned matter by filing a complaint and motion for preliminary injunction in June of 2000, seeking to enforce various public housing rights.

2. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002. A copy of the stipulation is attached hereto as Exhibit "A".

3. Pursuant to paragraph 3 of the stipulation defendants were required to, *inter alia*, make payment, by September 15, 2002, of $300.00 to Community Legal Services as reasonable attorneys fees for the prosecution of this matter.

4. When defendants failed to make the payment by September 15, 2002, counsel for plaintiff, by letter dated September 18, 2002, notified counsel for defendants that this motion would be filed unless the defendants brought themselves into full compliance with the August 1, 2002 stipulation by October 17, 2002. A copy of that letter is attached hereto as Exhibit "B".

5. As of the date of the filing of this motion, the defendants have failed and refused to comply with paragraph 3 of the August 1, 2002 stipulation by failing to issue the Section 8 voucher and family packet to the plaintiff.

6. Neither plaintiff nor plaintiff's counsel has received any response to the September 18, 2000 letter.

7. The August 1, 2002 stipulation, at paragraph 2, requires defendants to extend the voucher term as reasonably required to provide a reasonable accommodation for the plaintiff. However, the time for those actions has not yet expired.

**WHEREFORE**, the plaintiff prays that this Honorable Court enter relief as follows:

a. Direct the defendants to bring themselves into full compliance with the settlement

stipulation in the above matter no later than November 15, 2002.

    b. Award reasonable attorneys fees for the prosecution of this motion.

    c. Grant such additional and alternative relief as may be deemed just and proper.

*/s/ Michael Donahue*
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA ROBERTS**<br>　Plaintiff<br>vs.<br>**PHILADELPHIA HOUSING AUTHORITY,**<br>　et al.<br>　　Defendants | :<br>:<br>: C.A. #02-4037<br>:<br>:<br>: |

**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE**

**I. INTRODUCTION**

Donna Roberts commenced the above-captioned matter by filing a complaint and a motion for preliminary injunction in June of 2000, seeking to enforce various public housing rights. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002.

Pursuant to paragraph 3 of the stipulation defendants were required to, by September 15, 2002, issue a check to Community Legal Services in the amount of $300.00 as reasonable attorneys fees for the prosecution of this action. When defendants failed to do so, counsel for plaintiff, by letter dated September 18, 2002, notified counsel for defendants that this motion would be filed unless the defendants brought themselves into full compliance with the stipulation by October 17, 2002.

As of the date of the filing of this motion, the defendants have failed to comply with paragraph 3 of the settlement stipulation in that they have failed and refused to issue the check to Community Legal Services. Neither plaintiff not plaintiff's counsel has received any response to the September 18, 2002 letter.

Defendants have additional responsibilities under the settlement stipulation. However, the time for the completion of those actions has not yet expired.

**II. DISCUSSION**

Settlement is a judicially favored manner for terminating litigation. Petty v. General Accident Fire and Life Assurance Co., 365 F.2d 419, 421 (3rd Cir. 1966). The authority of the trial court to enforce the settlement agreement has its foundation in the policy favoring the amicable adjustment of disputes in the avoidance of costly and time-consuming litigation. Rosso

v. Foodsales, Inc., 500 F. Supp. 274, 276 (E.D. Pa. 1980). Voluntary settlements of civil controversies are specifically enforceable and are broadly interpreted. Pennwalt Corp. v. Plough, Inc., 676 F.2d 77 (3rd Cir. 1982). The settlement agreement itself should be interpreted as a contract between the parties. Penwalt, *supra*. Breach of the settlement agreement can result in damages or specific performance. Village of Kaktovik v. Watt, 689 F.2d 222, 223 (U.S. App. D.C. 1982); Howard v. Chris-Craft, Corp., 562 F.Supp. 932 (D. Tex. 1982); and In re Kiki, Ltd., 35 B.R. 175 (Bankr. Hawaii 1983).

In the instant case, Donna Roberts seeks specific performance of the settlement agreement. In addition, due to the fact that this action was initially filed under 42 U.S.C. Section 1983, the plaintiff also seeks an award of reasonable attorneys fees for the prosecution of this motion.

## III. CONCLUSION

In light of the above, the plaintiff prays that this Honorable Court direct the defendants to bring themselves into compliance with the settlement stipulation in the above-captioned matter

*[signature]*
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS,
    Plaintiff

vs.

PHILADELPHIA HOUSING AUTHORITY, et al.,
    Defendants

CIVIL ACTION

NO. 02-4037

## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the defendants in the above-captioned matter, as follows:

1. The parties to this stipulation have been advised of and have consented to its terms and provisions.

2. By August 15, 2002, PHA shall issue a Section 8 voucher and family packet to Donna Roberts, and shall extend the voucher term up to the term reasonably required for the purpose of providing a reasonable accommodation to the plaintiff, pursuant to 24 C.F.R. § 982.303(b)(2).

3. By September 15, 2002, PHA shall pay Community Legal Services, Inc., $300.00 as reasonable attorneys fees for the prosecution of this action.

4. The Court shall retain continuing jurisdiction over the enforcement of the terms and provisions of this stipulation.

"A"

5. Upon the Court's approval of this stipulation, this matters hall be marked settled, discontinued and ended.

*[signature]*
MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700

*[signature]*
ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120

APPROVED BY THE COURT:

*[signature]*

DATE: 10/31/02


# COMMUNITY
## LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

September 18, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:    Donna Roberts v. PHA, et al.
       C.A. No. 02-4037

Dear Mr. Ciafre:

Pursuant to the settlement stipulation in the above-captioned matter, the attorney's fees were to have been received by Community Legal Services by September 15, 2002. These funds have not yet been received in my office. Accordingly, I must adopt the position that unless PHA brings itself into full compliance with the settlement stipulation within thirty days of the date of this letter, I will have no choice but to file a motion to enforce the settlement agreement. I hope that further litigation will not be necessary.

If you believe that PHA has fully complied with the settlement stipulation, please provide documentation of this. Also, please feel free to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:gft

"B"

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS
   Plaintiff
   vs.                                 : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY,
  et al.
   Defendants

### CERTIFICATION OF SERVICE

Michael Donahue, Esquire, counsel for the plaintiff in the above matter, hereby certifies that he served a copy of the plaintiff's motion to enforce settlement agreement, the plaintiff's first set of continuing interrogatories to PHA pursuant to plaintiff's motion to enforce the settlement stipulation in the above matter, and the plaintiff's first continuing request for production of documents to PHA pursuant to plaintiff's motion to enforce in the above matter upon the following parties, by letter dated October 21, 2002, mailed by first class mail, postage prepaid, to the following address:

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103
Counsel for Defendants

/s/ Michael Donahue
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff