IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS
    Plaintiff
    vs.
PHILADELPHIA HOUSING AUTHORITY, et al.
    Defendants

: C.A. #02-4037

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the plaintiff's motion for contempt and to enforce and any response thereto, the motion is hereby granted. It is hereby ordered that defendants shall issue a check to Community Legal Services in the amount of $300.00, plus interest at the rate of six percent per annum for the period of time from September 16, 2002 through the date of the receipt of the funds. It is further ordered that the defendants are hereby fined $50.00 per day, payable to Community Legal Services, for each day after the tenth day after the date of this order that the funds are not received by Community Legal Services.

Plaintiff is awarded reasonable attorneys for the prosecution of this motion. If the parties cannot reach an agreement on the amount of attorneys fees, plaintiff shall file her motion to determine the amount of attorneys fees within 30 days of the date of entry of this order.

BY THE COURT:

_____
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS  :
   Plaintiff  :
vs.  :  C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY,  :
 et al.  :
   Defendants  :

### MOTION FOR CONTEMPT AND TO ENFORCE COURT ORDER

1. The plaintiff commenced the above-captioned matter by filing a complaint in June of 2002, seeking to enforce various public housing rights.

2. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002. A copy of the stipulation is attached hereto as Exhibit "A".

3. Pursuant to paragraph 3 of the stipulation defendants were required to make payment of $300.00 to Community Legal Services by September 15, 2002 as reasonable attorneys fees for the prosecution of this action.

4. When defendants failed to make the required payment, counsel for plaintiff, by letter dated September 18, 2002 and mailed by first class mail, postage prepaid, notified counsel for defendants that payment of the attorneys fees had not been received and that a motion to enforce the settlement agreement would be filed unless payment was received by October 17, 2002. A copy of that letter is attached hereto as Exhibit "B".

5. When payment was still not received, plaintiff filed her motion to enforce the settlement agreement on October 21, 2002.

6. By order dated November 12, 2002 and docketed on November 13, 2002, the motion to enforce was granted and defendants were, *inter alia*, make payment of the $300.00, plus interest, within ten days of the date of the order.

7. By letter dated November 15, 2002 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the November 12, 2002 order upon counsel for defendants.

1

A copy of that letter is attached hereto as Exhibit "C".

8. When payment of the attorneys fees was still not received, counsel for plaintiff, by letter dated November 26, 2002, and mailed by first class mail, postage prepaid, notified counsel for defendants that this contempt motion would be filed unless payment of the funds was received by December 26, 2002. A copy of that letter is attached hereto as Exhibit "D".

9. Neither plaintiff nor plaintiff's counsel received any response to the November 26, 2002 letter.

10. As of the date of the filing of this motion the defendants have failed to make payment of the attorneys fees.

**WHEREFORE**, the plaintiff prays that this Honorable Court enter relief as follows:

a) Determine that the defendants are in contempt of this Court;

b) Enter a fine, payable to the plaintiff, of $50.00 per day, payable to Community Legal Services, for each day that defendants fail to make payment of the funds, commencing on the tenth day after entry of the order imposing the fine;

c) Order that defendants make payment of the $300.00, plus interest, within ten days;

d) Award reasonable attorneys fees for the prosecution of this motion.

e) Grant such additional and alternative relief as may be deemed just and proper.

_____
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia., PA 19102
215-981-3700
Counsel for Plaintiff

2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS : 
    Plaintiff :
  vs. : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY, :
et al. :
    Defendants :

**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE AND FOR CONTEMPT**

**I. INTRODUCTION**

he plaintiff commenced the above-captioned matter by filing a complaint in June of 2002, seeking to enforce various public housing rights. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002.

Pursuant to paragraph 3 of the stipulation defendants were required to make payment of $300.00 to Community Legal Services by September 15, 2002 as reasonable attorneys fees for the prosecution of this action. When defendants failed to make the required payment, counsel for plaintiff, by letter dated September 18, 2002 and mailed by first class mail, postage prepaid, notified counsel for defendants that payment of the attorneys fees had not been received and that a motion to enforce the settlement agreement would be filed unless payment was received by October 17, 2002.

When payment was still not received, plaintiff filed her motion to enforce the settlement agreement on October 21, 2002. By order dated November 12, 2002 and docketed on November 13, 2002, the motion to enforce was granted and defendants were, *inter alia*, make payment of the $300.00, plus interest, within ten days of the date of the order. By letter dated November 15, 2002 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the November 12, 2002 order upon counsel for defendants.

When payment of the attorneys fees was still not received, counsel for plaintiff, by letter dated November 26, 2002, and mailed by first class mail, postage prepaid, notified counsel for defendants that this contempt motion would be filed unless payment of the funds was received by

1

December 26, 2002. Neither plaintiff nor plaintiff's counsel received any response to the November 26, 2002 letter. As of the date of the filing of this motion the defendants have failed to make payment of the attorneys fees.

## I. DISCUSSION

It is, of course, well settled that federal courts "have inherent power to enforce compliance with their lawful order through civil contempt." Shillitani v. United States. 84 U.S. 364, 370 (1966). *See also* McComb v. Jacksonville Paper Co., 336 U.S. 187, 193 (1949). It is equally clear that a party who violates a consent order is no less subject to the court's contempt power than one who thwarts a litigated judgment, since a consent order, although negotiated by the parties is an enforceable judicial act. United States v. Swift Co., 286 U.S. 106 (1932); Interdynamics, Inc. v. Firma Wolf, 653 F.2d 92 (3rd Cir. 1981), *cert denied sub nom* Trans Tech v. Interdynamics, Inc., 454 U.S. 1092 (1981).

The dual purpose of the court's civil contempt power is to enforce compliance with its order and to compensate victims for the violations of their rights. McDonald's Corp. v. Victory Investments, 727 F.2d 82 (3rd Cir. 1984); Thompson v. Johnson, 410 F.Supp. 633 (E.D. Pa 1976) *aff'd* 557 F.2d 578 (3rd Cir. 1977); Farber v. Rizzo, 363 F.Supp. 386 (E.D. Pa 1973). To sustain a contempt citation, plaintiff must prove that a defendant had sufficient notice of the court's order, and that despite that notice it violated its terms and conditions. United States v. Christie Industries, Inc., 465 F.2d 1002, 1006 (3rd Cir. 1972); Farber, *supra* at 640. *See also*, Vernita Smith v. PHA, et al., C.A. #95-7284 (E.D. Pa. December 14, 1995) (Newcomer, J.).

Applying these principles to the facts of the present case compels the conclusion that a contempt citation and appropriate remedial relief is warranted against the defendants. These facts reveal that the defendants now have a longstanding history of failure to comply with the November 12, 2002 order. Specifically, the defendants have failed to make payment of the attorneys fees and interest. It is clear that the requested penalties are warranted by the defendants' intransigence. It is equally clear that these stiff penalties will be required in order to force defendants to carry out their obligations.

## III. CONCLUSION

In light of the above, the plaintiff prays that this Honorable Court direct the defendants to bring themselves into compliance with the November 12, 2002 order in the above matter. Plaintiff further prays that this Honorable Court fine the defendants $50.00 per day, payable to Community Legal Services for each day that defendants fail to make payment of the funds, commencing on the tenth day after entry of the order imposing the fine.

_____
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia., PA 19102
215-981-3700
Counsel for Plaintiff



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS,
    Plaintiff

vs.

PHILADELPHIA HOUSING AUTHORITY,
et al.,
    Defendants

CIVIL ACTION

NO. 02-4037

## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the defendants in the above-captioned matter, as follows:

1. The parties to this stipulation have been advised of and have consented to its terms and provisions.

2. By August 15, 2002, PHA shall issue a Section 8 voucher and family packet to Donna Roberts, and shall extend the voucher term up to the term reasonably required for the purpose of providing a reasonable accommodation to the plaintiff, pursuant to 24 C.F.R. § 982.303(b)(2).

3. By September 15, 2002, PHA shall pay Community Legal Services, Inc., $300.00 as reasonable attorneys fees for the prosecution of this action.

4. The Court shall retain continuing jurisdiction over the enforcement of the terms and provisions of this stipulation.



5. Upon the Court's approval of this stipulation, this matters hall be marked settled, discontinued and ended.

_____
MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700

_____
ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120

APPROVED BY THE COURT:

_____
DATE: 02/31/02


# COMMUNITY
## LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

September 18, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:  Donna Roberts v. PHA, et al.
     C.A. No. 02-4037

Dear Mr. Ciafre:

Pursuant to the settlement stipulation in the above-captioned matter, the attorney's fees were to have been received by Community Legal Services by September 15, 2002. These funds have not yet been received in my office. Accordingly, I must adopt the position that unless PHA brings itself into full compliance with the settlement stipulation within thirty days of the date of this letter, I will have no choice but to file a motion to enforce the settlement agreement. I hope that further litigation will not be necessary.

If you believe that PHA has fully complied with the settlement stipulation, please provide documentation of this. Also, please feel free to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:gft



**COMMUNITY LEGAL SERVICES, INC.**

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

November 15, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:   Donna Roberts v. PHA, et al.
      C.A. No. 02-4037

Dear Mr. Ciafre:

Enclosed please find a copy of the enforcement order that was entered in the above-captioned on November 13, 2002. Please take the appropriate steps to ensure that PHA complies.

I have enclosed a copy of the stipulation resolving the claim for attorneys fees. If you are satisfied with the stipulation, please sign it and return it to me for filing with the court. If I do not receive the signed stipulation by December 1, 2002, this offer of settlement will no longer be available for acceptance, and I will file a motion to determine the amount of attorneys fees.

Yours truly,

MICHAEL DONAHUE

MD:gft
Enclosure


# COMMUNITY
## LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

November 26, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re: Donna Roberts v. PHA, et al.
C.A. No. 02-4037

Dear Mr. Ciafre:

The attorney's fees, pursuant to the November 12, 2002 order in the above matter, have not been received. Accordingly, I must adopt the position that unless these fees are received within thirty days of the date of this letter, I will have no choice but to file a motion for contempt. I hope that this will not be necessary.

Please be sure to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:gft

"D"

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS  :
   Plaintiff  :
vs.  : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY,  :
  et al.  :
   Defendants  :

## CERTIFICATION OF SERVICE

Michael Donahue, Esquire, counsel for the plaintiff in the above matter, hereby certifies that he served a copy of the plaintiff's motion for contempt and to enforce the November 12, 2002 court order, the plaintiff's first set of continuing interrogatories to PHA pursuant to plaintiff's motion for contempt and to enforce the November 12, 2002 court order in the above matter, and the plaintiff's first continuing request for production of documents to PHA pursuant to plaintiff's motion for contempt and to enforce in the above matter upon the following parties, by letter dated December 30, 2002, mailed by first class mail, postage prepaid, to the following address:

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103
Counsel for Defendants

                                                  */s/ Michael Donahue*
Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia., PA 19102
215-981-3700
Counsel for Plaintiff