IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA ROBERTS** | : |
|    **Plaintiff** | : |
|    **vs.** | : **C.A. #02-4037** |
| **PHILADELPHIA HOUSING AUTHORITY,** | : |
|    **et al.** | : |
|    **Defendants** | : |

# O R D E R

**AND NOW**, this    day of    , 2004, upon consideration of the plaintiff's motion to determine the amount of attorney's fees and the response thereto, Community Legal Services, Inc. is hereby awarded attorney's fees and costs of $1,680.00 for the successful prosecution of the plaintiff's renewed motion for contempt and to enforce in this matter.

**BY THE COURT:**

_____
**U.S. DISTRICT COURT JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA ROBERTS | : |
|     Plaintiff | : |
|     vs. | :  C.A. #02-4037 |
| PHILADELPHIA HOUSING AUTHORITY, | : |
|     et al. | : |
|     Defendants | : |

## PLAINTIFF'S MOTION TO DETERMINE
## AMOUNT OF ATTORNEYS FEES

1. The plaintiff commenced the above-captioned matter by filing a complaint in June of 2002, seeking to enforce various subsidized housing rights and constitutional rights pursuant to 42 U.S.C. §§ 1437 and 1983.

2. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002. A copy of the stipulation is attached hereto as Exhibit "I".

3. Pursuant to paragraph 3 of the stipulation defendants were required to make payment of $300.00 to Community Legal Services by September 15, 2002 as reasonable attorneys fees for the prosecution of this action.

4. When defendants failed to make the required payment, counsel for plaintiff, by letter dated September 18, 2002 and mailed by first class mail, postage prepaid, notified counsel for defendants that payment of the attorneys fees had not been received and that a motion to enforce the settlement agreement would be filed unless payment was received by October 17, 2002. A copy of that letter is attached hereto as Exhibit "II".

5. When payment was still not received, plaintiff filed her motion to enforce the settlement agreement on October 21, 2002.

6. By order dated November 12, 2002 and docketed on November 13, 2002, the motion to enforce was granted and defendants were, *inter alia*, make payment of the $300.00, plus interest, within ten days of the date of the order.

7. By letter dated November 15, 2002 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the November 12, 2002 order upon counsel for defendants.

A copy of that letter is attached hereto as Exhibit "III".

8. When payment of the attorneys fees was still not received, counsel for plaintiff, by letter dated November 26, 2002, and mailed by first class mail, postage prepaid, notified counsel for defendants that this contempt motion would be filed unless payment of the funds was received by December 26, 2002. A copy of that letter is attached hereto as Exhibit "IV".

9. When payment of the attorneys fees was still not received, plaintiff filed her motion for contempt on December 31, 2002.

10. On January 24, 2003, counsel for plaintiff received payment of $300.00 for the attorneys fees, but not payment of the accrued interest as mandated by the November 12, 2002 order.

11. The parties were able to resolve the motion for contempt and entered into a settlement stipulation that was approved by the Court and that was docketed on February 20, 2003. A copy of that settlement stipulation is attached hereto as Exhibit "V".

12. By letter dated February 24, 2003 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the stipulation upon counsel for defendants. A copy of that letter is attached hereto as Exhibit "VI".

13. Pursuant to paragraph 3 of the February 20, 2003 stipulation, defendants were required to pay, by May 10, 2003, $806.95 in attorneys fees for prosecution of the motion for contempt. This sum included the unpaid interest mandated by the November 12, 2002 order.

14. When defendants failed to make payment of the $806.95, counsel for plaintiff, by letter dated May 13, 2003 and mailed by first class mail, postage prepaid, notified counsel for defendants that this renewed motion for contempt and to enforce court order and to enforce settlement agreement would be filed unless the funds were received by June 12, 2003. A copy of that letter is attached hereto as Exhibit "VII".

15. When the $806.95 was still not received, plaintiff filed her renewed motion for contempt and to enforce on June 17, 2003.

16. By order dated January 15, 2004, the motion was granted and defendants were directed to make payment of the $806.95 plus interest within 10 days.

17. The plaintiff now files her motion for an award of attorneys for the successful

prosecution of the plaintiff's renewed motion for contempt and to enforce.

**WHEREFORE**, the plaintiff prays that this Honorable Court enter an award of attorney's fees as more fully set forth in the accompanying affidavit.

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS                          :
   Plaintiff                       :
   vs.                             : C.A. #02-4037
PHILADELPHIA HOUSING AUTHORITY,        :
   et al.                          :
   Defendants                      :

## AFFIDAVIT OF MICHAEL DONAHUE

I, Michael Donahue, hereby state under the penalties of perjury that the following information, made in support of the motion for award of attorney's fees in the above matter, is true and correct to the best of my knowledge, information and belief:

1. I am currently employed as a staff attorney at Community Legal Services, Inc., a non-profit corporation providing free legal services to indigent people. I have been employed by Community Legal Services, Inc. since September of 1987.

2. From December of 1977 through September of 1987, I was employed as a staff attorney at Delaware County Legal Assistance Association, Inc. also a non-profit corporation engaged in the business of providing free legal services, to indigent people.

3. Since becoming employed at Community Legal Services, Inc., in September of 1987, I have handled an open and ongoing caseload of approximately 100 cases. All of these cases have been in the public housing unit at Community Legal Services, Inc., a unit specializing in public housing and Section 8 assisted tenancy cases.

4. I have been a member of the Bar of the U.S. District Court for the Eastern District of Pennsylvania since 1978. During that time I have handled numerous matters of federal litigation.

5. I have had extensive litigation experience in federal court. This includes the successful prosecution of at least six matters before the Third Circuit Court of Appeals and ten class actions. A list of those cases is attached hereto as Exhibit "A".

6. I have also attached as Exhibit "A", a list of the housing cases, involving federal regulations, that I have successfully prosecuted. The list contains approximately 300 cases. It is not a complete list of all of the housing cases that I have prosecuted in federal court. In

particular, it contains few of the cases that I successfully prosecuted during the ten years that I was employed at Delaware County Legal Assistance Association. Information about those cases is not readily available to me.

7. I have also prosecuted a great many other non-housing cases in federal court.

8. I believe that, as a result of my experience in handling federal litigation and my experience with the legal issues that are involved in public housing tenancies, I have efficiently spent the minimum number of hours necessary to litigate this matter.

9. Under the policies and procedures of Community Legal Services, Inc., my hourly billing rate has been established at $300.00 per hour. An affidavit explaining the CLS attorney's fees rate is attached hereto as Exhibit "B".

10. Due to budgetary constraints, Community Legal Services, Inc. has been able to hire very few attorneys in the past fourteen years.

11. As a result, there are few attorneys at CLS that are less senior than Michael Donahue. As a further result, all staff attorneys at Community Legal Services have large and demanding caseloads.

12. At the time that this matter was litigated there was only two other attorneys at Community Legal Services that represented subsidized housing tenants, and who had the necessary expertise to efficiently represent tenants in actions similar to the instant case. Those attorneys were not available to handle the instant action. The hourly rates for those attorneys is $530.00 and $250.00 per hour.

13. As is more fully detailed in the attached hourly activity sheet, attached hereto as Exhibit "C", I have spent 5.6 hours in litigating the motion to enforce in this matter.

14. Accordingly, $1,680.00 is sought for reasonable compensation for attorney's fees and costs for the plaintiff's successful prosecution of the motion to enforce in this case.

Michael Donahue, Esquire
Community Legal Service, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNA ROBERTS** | : | |
|     **Plaintiff** | : | |
|     **vs.** | : | **C.A. #02-4037** |
| **PHILADELPHIA HOUSING AUTHORITY,** | : | |
|     **et al.** | : | |
|     **Defendants** | : | |

## MEMORANDUM

## I. INTRODUCTION

Donna Roberts commenced the above-captioned matter by filing a complaint in June of 2002, seeking to enforce various subsidized housing rights and constitutional rights pursuant to 42 U.S.C. §§ 1437 and 1983. The parties entered into a stipulation in settlement in July of 2002. The stipulation was approved by the Court on July 31, 2002 and was docketed on August 1, 2002. Pursuant to paragraph 3 of the stipulation defendants were required to make payment of $300.00 to Community Legal Services by September 15, 2002 as reasonable attorneys fees for the prosecution of this action.

When defendants failed to make the required payment, counsel for plaintiff, by letter dated September 18, 2002 and mailed by first class mail, postage prepaid, notified counsel for defendants that payment of the attorneys fees had not been received and that a motion to enforce the settlement agreement would be filed unless payment was received by October 17, 2002. When payment was still not received, plaintiff filed her motion to enforce the settlement agreement on October 21, 2002.

By order dated November 12, 2002 and docketed on November 13, 2002, the motion to enforce was granted and defendants were, *inter alia*, make payment of the $300.00, plus interest, within ten days of the date of the order. By letter dated November 15, 2002 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the November 12, 2002 order upon counsel for defendants.

When payment of the attorneys fees was still not received, counsel for plaintiff, by letter

1

dated November 26, 2002, and mailed by first class mail, postage prepaid, notified counsel for defendants that this contempt motion would be filed unless payment of the funds was received by December 26, 2002. When payment of the attorneys fees was still not received, plaintiff filed her motion for contempt on December 31, 2002.

On January 24, 2003, counsel for plaintiff received payment of $300.00 for the attorneys fees, but not payment of the accrued interest as mandated by the November 12, 2002 order. The parties were able to resolve the motion for contempt and entered into a settlement stipulation that was approved by the Court and that was docketed on February 20, 2003. By letter dated February 24, 2003 and mailed by first class mail, postage prepaid, counsel for plaintiff served a copy of the stipulation upon counsel for defendants.

Pursuant to paragraph 3 of the February 20, 2003 stipulation, defendants were required to pay, by May 10, 2003, $806.95 in attorneys fees for prosecution of the motion for contempt. This sum included the unpaid interest mandated by the November 12, 2002 order. When defendants failed to make payment of the $806.95, counsel for plaintiff, by letter dated May 13, 2003 and mailed by first class mail, postage prepaid, notified counsel for defendants that this renewed motion for contempt and to enforce court order and to enforce settlement agreement would be filed unless the funds were received by June 12, 2003. When the $806.95 was still not received, plaintiff filed her renewed motion for contempt and to enforce on June 17, 2003.

By order dated January 15, 2004, the motion was granted and defendants were directed to make payment of the $806.95 plus interest within 10 days. The plaintiff now files her motion for an award of attorneys for the successful prosecution of the plaintiff's renewed motion for contempt and to enforce.

## II. DISCUSSION

### A. Donna Roberts Is A Prevailing Party

Attorneys fees may be awarded to a prevailing party in an action under 42 U.S.C. § 1988. In order to be a prevailing party, the plaintiff must essentially succeed in obtaining the relief that he sought on his claim on the merits. Morrison v. Ayoob, 627 F.2d 669 (3rd Cir. 1980) *cert. den.*,

2

101 S.Ct. 898. The plaintiff must also receive relief under judicial imprimatur or by specific settlement agreement between the parties providing for attorneys fees. Buckhannon Board and Care Home v. West Virginia Department of Health and Human Services, 2001 WL 567728. Attorneys fees are appropriate even in cases where the plaintiff succeeds by way of settlement, prior to any hearing in the case. Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); El Club Del Barrio, Inc. v. United Community Corporations, Inc., 735 F.2d 98 (3rd Cir. 1984); Oshiver v. Philadelphia Court of Common Pleas Court Administration, 497 F. Supp. 416 (E.D. Pa. 1980).

Attorneys fees are also appropriate for subsequent efforts to ensure compliance with a settlement or consent decree. Stenson v. Blum, 512 F. Supp. 680, *aff'd*, 1 F.2d 493, aff'd in part and rev'd in part on other grounds, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891; Diaz v. Romer, 96 F.2d 1588 (10th Cir. 1992); and Halderman v. Pennhurst State School & Hosp., 725 F. Supp. 861 (E.D. Pa. 1989).

In the instant case, there can be little doubt that the plaintiff succeeded in obtaining the exact relief requested. The plaintiff sought to enforce the November 12, 2002 order and the February 20, 2003 settlement stipulation in this matter that, *inter alia*, required defendants to pay, by May 10, 2003, $806.95 to Community Legal Services as attorneys fees and interest. By order dated January 15, 2004 PHA has been ordered to make payment of this sum, plus interest. Accordingly, the plaintiff has succeeded in obtaining the precise relief which she sought and is clearly a prevailing party.

Section 1983 of Title 42 of the United States Code provides housing assistance participants with a cause of action to address violations of federal housing laws by state officials. Wright v. Roanoke Redevelopment and Housing Authority, 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). Specifically, public housing tenants may rely on the Section 1983 to enforce the requirement that PHA take all actions or refrain from any action to carry out grievance awards. Laticia Farley v. Philadelphia Housing Authority, et al., 102 F.3rd 697 (3rd Cir. 1996) (PHA's failure to comply with 24 C.F.R. § 966.57 gives rise to a cause of action pursuant to 42 U.S.C. §

3

1983).  Other courts have followed <u>Wright</u> in applying it to violations of federal housing regulations.  <u>Holly v. Housing Authority of New Orleans</u>, 684 F.Supp. 1363 (E.D. La. 1988) (Violation of 24 C.F.R. Section 882.210(b)(4)).

Many courts in this jurisdiction have also applied <u>Wright</u> based upon PHA's violations of its own regulations.  <u>Morris v. PHA, et al.</u>, C.A. #95-6650 (E.D. Pa. 1996) (Buckwalter, J.) (Violation of 24 C.F.R. § 966.57), *aff'd*, NO. 96-1401 (3rd Cir. December 17, 1996); <u>Rivera v. PHA, et al.</u>, C.A. #95-7658, 1996 WL 99744 (E.D. Pa. March 6, 1996) (Giles, J.) (Violation of 24 C.F.R. § 966.57); <u>Adams v. PHA, et al</u>, C.A. #95-3237, 1996 WL 32881 (E.D. Pa. January 19, 1996) (Gawthrop J.) (Violation of 24 C.F.R. § 966.57); <u>Wallace v. PHA, et al.</u>, C.A. #95-4261, 1995 WL 709933 (E.D. Pa. November 29, 1995) (rejecting PHA' argument that Section 1983 cannot be used to enforce rights under the Housing Act for violation of 24 C.F.R. § 966.57) (VanArtsdalen, J.); <u>Caldwell v. PHA, et al</u>, C.A. #95-2069, 1995 WL 631665 (E.D. Pa. October 26, 1995) (Buckwalter, J.) (Violation of 24 C.F.R. § 966.57); <u>Ollison v. PHA, et al.</u>, C.A. #94-145 (E.D. Pa. 1994) (Katz, J.); <u>Burnett v. PHA, et al.</u>, C.A. #93-4966 (E.D. Pa. 1994) (Bechtle, J.); <u>Carrero v. PHA, et al.</u>, C.A. #93-4029 (E.D. Pa. 1993) (DuBois, J.) (Partial summary judgment granted for violation of 24 C.F.R. Section 966.57); <u>Drennon v. PHA, et al.</u>, C.A. #92-6155, 1993 WL 197450 (E.D. Pa 1993) (Smith, M.J.) (Violation of 24 C.F.R. Section 966.57); <u>Swaayze v. PHA, et al.</u>, C.A. 91-2982 (E.D. Pa. 1992) (VanAntwerpen, J.) (Violation of 24 C.F.R. Section 966.57); <u>Whitt v. PHA, et al.</u>, C.A. #92-1583 (E.D. Pa 1992) (Giles, J.) (Violation of 24 C.F.R. Section 966.57);  <u>Shaw v. PHA, et al.</u>, C.A. 90-7650, 1991 WL 97681 (E.D. Pa May 28, 1991) (Newcomer, J.) (violation of 24 C.F.R. Section 882.209); <u>Goodmond v. PHA, et al.</u>, C.A. #90-7360 (E.D. Pa. 1991) (Giles, J.) (violation of 24 C.F.R. Section 882.209); <u>Westbrook v. PHA, et al.</u>, C.A. 90-156 (E.D. Pa. 1990) (Lord, J.) (Violation of 24 C.F.R. Section 882.216); and <u>Tharrington v. PHA, et al.</u>, Bky #89-12146F, Adv Proc #89-0633 (Bankr. E.D. Pa. 1990) (Fox, J.) (Violation 24 C.F.R. Section 966.4(h)).

## B.  The Requested Fees Are Reasonable

The requested fees are reasonable under the prevailing market rate.  Plaintiff has attached an

affidavit explaining how Community Legal Services has set its attorneys fees rates. Those attorneys fees rates were adopted by the Community Legal Services Board of Directors, which is comprised of many attorneys, and the fees were established after surveys of many market rates in this area. The current fee schedule is based upon a recent and independent survey of attorney fees rates by the firm of Altman, Weil, Pensa. The Third Circuit's Task Force on Court Awarded Attorneys Fees had cited a former version of CLS' fee schedule as a "highly developed" model and urged consideration of its use elsewhere. 108 F.R.D. 237, 260 n. 70 (1985). More recently, the Third Circuit found the CLS' fee schedule ". . . to be a fair reflection of the prevailing market rates in Philadelphia." Maldonado v. Houstoun, 256 F.3d 181, 187 (3rd Circuit 2001), *quoting,* Rainey v. Philadelphia Housing Auth., 832 F.Supp. 127, 129 (E.D.Pa. 1993), *citing,* Swaayze v. Philadelphia Housing Auth., No. 91-2982, 1992 WL 81598 at *2 (E.D.Pa. Apr. 16, 1992).

Moreover, numerous decisions in this district have found CLS' fee schedules to be fair and reasonable. See, River v. PHA, et al., C.A. #97-7976 (E.D. Pa. 1999) (Broderick, J.); Dawson & Robinson v. PHA, et al., C.A. #98-2219 (E.D. Pa. 1999) (Waldman, J.); Jones v. PHA, et al., C.A. #99-0067 (E.D. Pa. 1999) (Shapiro, J.); Bryant v. PHA, et al., C.A. #97-7478 (E.D. Pa. 1999) (Joyner, J.); Tharrington, supra; Westbrook, supra; Shired v. PHA, C.A. #91-6652 (E.D. Pa. 1992) (Green, J.); Jones v. PHA, C.A. #91-1685 (E.D. Pa. 1991) (VanAntwerpen, J.); Deans v. PHA, Bky #91-11802F, Adv Proc #91-0224F (Bankr. E.D. Pa. 1991) (Fox, J.); Jungkurth v. Eastern Financial Services, 87 B.R. 333 (E.D. Pa. 1988); Laubach v. Fidelity Consumer Discount Co., C.A. #85-1902 (E.D. Pa. 1986) (Newcomer, J.); Johnson v. 2nd National Fund Corp., 515 F. Supp. 1380 (E.D. Pa. 1981) (Giles, J.); Joyce v. Fidelity Consumer Discount Co., C.A. #84-3740 (E.D. Pa. 1986) (Dittert, J.); Higgins v. Philadelphia Gas Works, 54 B.R. 928, 937-938 (E.D. Pa. 1985) (Katz, J.); Griggs v. Provident Consumer Discount Company, C.A. #80-1930 (E.D. Pa. 1983) (Lord, J.); McClure v. O'Bannon, C.A. #79-1013 (E.D. Pa. 1983) (Shapiro, J.); Shadis v. Beal, C.A. #75-3421 (E.D. Pa. 1981) (Newcomer, J.).

Attorneys fees under 28 U.S.C. § 1988 should be awarded based upon the prevailing market rate regardless of whether counsel works for a private firm or for a nonprofit legal aid program.

Blum v. Stenson, 465 U.S. 866, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Fees should be awarded based upon hours reasonably expended to litigate the case. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The hours spent by counsel for plaintiff in this case were reasonable.

An award of attorneys fees should be based upon: "the number of hours reasonably expended on the litigation" multiplied by a "reasonable hourly rate". Blum, *supra*, 465 U.S. at 888, 104 S.Ct. at 1544. A reasonable hourly rate should be based upon the prevailing billing rates in the community market. Hensley, *supra* and Student Public Interest Research Group v. AT&T Bell Laboratories, 842 F.2d 1436, 1449 (3rd Cir. 1980). The rate should be based upon an assessment of the skill of the prevailing party's attorney and a comparison of the rates of those comparable lawyers in the private sphere. Student Public, *supra* at 1447 and Rode v. Dellarciprete, 892 F.2d 117, 1183 (3rd Cir. 1982). Community market rates increase the likelihood that competent counsel will take civil rights cases and that the congressional policies will be vindicated. Student Public, *supra* at 1449.

The hourly rate should not be reduced because of the simplicity of the case. The simplicity of the issues should be reflected in the total number of hours reasonably expended. Hughes v. Repko, 578 F.2d 483, 487 (3rd Cir. 1978). In the instant matter, counsel for plaintiff was forced to spend significant time in order to ensure that the defendants complied with the November 12, 2002 court order, as well as federal statutory and regulatory law and the February 20, 2003 stipulation. Counsel has also been forced to spend significant time and on the instant motion to determine the amount of attorneys fees as well as the renewed motion for contempt. Plaintiff should be reimbursed for these expenses.

6

## III. CONCLUSION

In light of the above, the plaintiff respectfully requests that the Court award reasonable attorneys fees to counsel for plaintiff.

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700
Counsel for Plaintiff

7



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS,                    :
                Plaintiff         :
                                  :        CIVIL ACTION
        vs.                       :
                                  :        NO. 02-4037
PHILADELPHIA HOUSING AUTHORITY,   :
  et al.,                         :
                Defendants        :



## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the defendants in the above-captioned matter, as follows:

1. The parties to this stipulation have been advised of and have consented to its terms and provisions.

   **FILED** AUG 0 1 2002

2. By August 15, 2002, PHA shall issue a Section 8 voucher and family packet to Donna Roberts, and shall extend the voucher term up to the term reasonably required for the purpose of providing a reasonable accommodation to the plaintiff, pursuant to 24 C.F.R. § 982.303(b)(2).

   ENTERED
   AUG 1 2002
   CLERK

3. By September 15, 2002, PHA shall pay Community Legal Services, Inc., $300.00 as reasonable attorneys fees for the prosecution of this action.

4. The Court shall retain continuing jurisdiction over the enforcement of the terms and provisions of this stipulation.

"I"

5.    Upon the Court's approval of this stipulation, this matters hall be marked

settled, discontinued and ended.


_____

MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700


_____

ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120


APPROVED BY THE COURT:

_____

DATE: 1/31/04


# COMMUNITY
LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

September 18, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:   Donna Roberts v. PHA, et al.
      C.A. No. 02-4037

Dear Mr. Ciafre:

Pursuant to the settlement stipulation in the above-captioned matter, the attorney's fees were to have been received by Community Legal Services by September 15, 2002. These funds have not yet been received in my office. Accordingly, I must adopt the position that unless PHA brings itself into full compliance with the settlement stipulation within thirty days of the date of this letter, I will have no choice but to file a motion to enforce the settlement agreement. I hope that further litigation will not be necessary.

If you believe that PHA has fully complied with the settlement stipulation, please provide documentation of this. Also, please feel free to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:gft

"II"



# COMMUNITY
LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

November 15, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:    Donna Roberts v. PHA, et al.
C.A. No. 02-4037

Dear Mr. Ciafre:

Enclosed please find a copy of the enforcement order that was entered in the above-captioned on November 13, 2002.  Please take the appropriate steps to ensure that PHA complies.

I have enclosed a copy of the stipulation resolving the claim for attorneys fees.  If you are satisfied with the stipulation, please sign it and return it to me for filing with the court.  If I do not receive the signed stipulation by December 1, 2002, this offer of settlement will no longer be available for acceptance, and I will file a motion to determine the amount of attorneys fees.

Yours truly,

MICHAEL DONAHUE

MD:gft
Enclosure



## COMMUNITY
LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

November 26, 2002

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103

Re:    <u>Donna Roberts v. PHA, et al.</u>
       C.A. No. 02-4037

Dear Mr. Ciafre:

The attorney's fees, pursuant to the November 12, 2002 order in the above matter, have not been received.  Accordingly, I must adopt the position that unless these fees are received within thirty days of the date of this letter, I will have no choice but to file a motion for contempt.  I hope that this will not be necessary.

Please be sure to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:gft

"IV"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS,
         Plaintiff      :

          :     CIVIL ACTION

      vs.         :

          :     NO. 02-4037

PHILADELPHIA HOUSING AUTHORITY,  :
  et al.,

         Defendants    :

## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the

plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the defendants

in the above-captioned matter, as follows:

1.    The parties to this stipulation have been advised of and have consented to its

      terms and provisions.

2.    By March 31, 2003, defendants shall bring themselves into compliance with the

      order docketed in the above-captioned matter on November 13, 2002, by making

      payment of the $ 300.00.

3.    By May 10, 2003, defendants shall pay Community Legal Services, Inc., $ 806.95

      as attorneys fees for the prosecution of the plaintiff's motion to enforce the

      settlement agreement in the above-captioned matter, and the plaintiff's motion for

      contempt in the above-captioned matter.

4.    Upon the Court's approval of this stipulation, the plaintiff's motion to determine the amount of attorneys fees that was filed in the above-captioned matter on December 9, 2002 and the plaintiff's motion for contempt that was filed in the above-captioned matter on December 31, 2002, shall be marked withdrawn.

_____  2/10/03

MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700


_____

ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120


SO ORDERED:

_____
U.S. District Court Judge

DATE: _03/21/03_____



# COMMUNITY
## LEGAL SERVICES, INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

February 24, 2003

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103

Re: Donna Roberts vs. PHA, et al.
 C.A. No. 02-4037

Dear Mr. Ciafre:

Enclosed please find a copy of the court approved settlement stipulation in the above captioned matter. I note that my office has received payment of the $300.00 pursuant to paragraph 2 of the stipulation. Please take the appropriate steps to make sure that PHA fully complies with the balance of the stipulation.

Yours truly,

MICHAEL DONAHUE
Staff Attorney

MD:cmh
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONNA ROBERTS,
           Plaintiff

    vs.

PHILADELPHIA HOUSING AUTHORITY,
  et al.,
           Defendants

:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 02-4037

## STIPULATION IN SETTLEMENT

It is hereby stipulated by and between Michael Donahue, Esquire, counsel for the plaintiff in the above-captioned matter, and Roger K. Ciafre, Esquire, counsel for the defendants in the above-captioned matter, as follows:

1.    The parties to this stipulation have been advised of and have consented to its terms and provisions.

2.    By March 31, 2003, defendants shall bring themselves into compliance with the order docketed in the above-captioned matter on November 13, 2002, by making payment of the $ 300.00.

3.    By May 10, 2003, defendants shall pay Community Legal Services, Inc., $ 806.95 as attorneys fees for the prosecution of the plaintiff's motion to enforce the settlement agreement in the above-captioned matter, and the plaintiff's motion for contempt in the above-captioned matter.

4.    Upon the Court's approval of this stipulation, the plaintiff's motion to determine the amount of attorneys fees that was filed in the above-captioned matter on December 9, 2002 and the plaintiff's motion for contempt that was filed in the above-captioned matter on December 31, 2002, shall be marked withdrawn.

_____ 2/10/03

MICHAEL DONAHUE
Counsel for Plaintiff

Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3700

_____

ROGER K. CIAFRE
Counsel for Defendants

Philadelphia Housing Authority
Legal Department
2012 Chestnut Street
Philadelphia, PA 19103
(215) 684-4120

SO ORDERED:

_____
U.S. District Court Judge

DATE: _____02/21/03_____



# COMMUNITY
LEGAL SERVICES. INC.

1424 Chestnut Street, Philadelphia, PA 19102-2505
Phone: 215.981.3700, Fax: 215.981.0434
Web Address: www.clsphila.org

May 13, 2003

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103

Re:    Donna Roberts v. PHA, et al.
C.A. No. 02-4037

Dear Mr. Ciafre:

PHA has not complied with settlement stipulation resolving the plaintiff's motion to enforce the settlement agreement in the above caption matter. Pursuant to paragraph 3 of the stipulation, PHA was to make payment of Attorneys' fees in the amount of $806.95 by May 10, 2003. Only $300 of those funds have been received in my office. Accordingly, I must adopt the position that unless PHA brings itself into full compliance with the settlement stipulation within 30 days of the date of this letter, I will have no choice but to file a further motion to enforce. I hope that further litigation will not be necessary.

If you believe that PHA has fully complied with the settlement stipulation, please provide appropriate documentation of this. Also, please feel free to contact me if you wish to discuss this matter.

Yours truly,

MICHAEL DONAHUE

MD:nlt



Third Circuit Cases

Armstead v. U.S. Dept Housing & Urban Development, et al., 815 F.2d 278 (3rd Cir 1987) (Attorneys fees awarded on remand)
Begley, et al. v. Phila Electric Co., et al., 760 F.2d 46 (3rd Cir. 1985)
Clark v. Philadelphia Housing Authority, 43 F.3d 1460 (3rd Cir. 1994)
Farley v. Philadelphia Housing Authority, 102 F.3rd 697(3rd Cir. 1996)
Morris v. Philadelphia Housing Authority, NO. 96-1401
Whittaker v. Phila Electric Co., 882 F.2d 791 (3rd Cir. 1989)


Class Actions

Begley, supra
Brooks, et al. v. PHA, et al., C.A. #93-0232 (E.D. Pa 1993) (Bartle, J.) (Attorneys fees by stipulation)
Clements, et al. v. City of Chester, et al., C.A. #87-2657 (E.D. Pa 1987) (R. Kelly, J.) (Attorneys fees awarded)
Edelson, et al. v. Prothonotary of Montgomery County, C.A. #87-6273 (E.D. Pa. 1987) (R. Kelly, J.) (Attorneys fees received)
Galloway, et al. v. Southwark Plaza Limited Partnership, et al., C.A. #01-0835 (E.D. Pa. 2003) (Davis, J.) (Attorneys fees by agreement)
Holland, et al. v. PHA, et al., C.A. #92-4367 (E.D. Pa 1993) (Broderick, J.) (Attorneys fees by stipulation)
Hood, et al. v. PHA, et al., C.A. #92-6129 (E.D. Pa. 1995) (Robreno, J.) (Attorneys fees by stipulation)
Imes, et al. v. Philadelphia Housing Authority, et al., Bky #90-15362S; Adv Proc #92-0806S (Bankr. E.D. Pa 1992) (Scholl, J.)
McDowell, et al. v. PHA, et al., C.A. #97-2302 (E.D. Pa. 1998) (Fullam, J.)
Morris, et al. v. Phila Electric Co., et al., Bky #81-00901G; Adv Proc #81-0471G (Bankr. E.D. Pa) (Goldhaber, J.)
Salter, et al. v. PHA, et al., C.A. #99-1681 (E.D. Pa. 2001) (Yohn, J.)
Whittaker, supra
Whitt, et al. v. Philadelphia Housing Authority, et al., C.A. #92-1583 (E.D. Pa 1992) (Giles, J.)
Pleasant v. Evers, C.A. #97-4124 (E.D. Pa. 1998) (Ludwig, J.)

Housing Cases Involving Federal Regulations

Adams v. PHA, et al., C.A. #93-3783 (E.D. Pa 1993)(Padova, J.)(Attorneys fees by stipulation)
Adams v. PHA, et al., C.A. #94-4265 (E.D. Pa. 1994) (Padova, J.) (Attorneys fees by stipulation)
Adams v. PHA, et al., C.A. #95-585 (E.D. Pa. 1995) (Gawthrop, J.) (Attorneys fees by stipulation)
Adams v. PHA, et al., C.A. #95-3237 (E.D. Pa. 1995) (Gawthrop, J.) (Attorneys fees awarded)
Adams & Bowens v. Phila Housing Authority, et al, 94 B.R. 838

1

"A"

(Bankr. E.D. Pa 1988) (Scholl, J.) (Attorneys fees awarded)
Adams & Robbins v. PHA, et al., C.A. #97-3422 (E.D. Pa. 1997)
(Padova, J.) (Attorneys fees by stipulation)
Alvin v. Phila Housing Authority, et al., Bky #88-13233F; Adv
Proc #88-2261 (Bankr. E.D. Pa 1988) (Fox, J.)
Armstead, supra
Armstrong v. Phila Housing Authority, et al., Bky #88-13709F; Adv
Proc #88-2313F (Bankr. E.D. Pa 1988) (Fox, J.)
Bacon v. Phila Housing Authority, et al., Bky #90-10647S; Adv
Proc #90-0310 (Bankr. E.D. Pa 1990) (Scholl, J.)
Baker v. PHA, et al., C.A. #96-0822 (E.D. Pa. 1996) (Brody, J.)
(Attorneys fees by stipulation)
Barbour v. PHA, et al., C.A. #93-360 (E.D. Pa 1993) (Weiner, J.)
(Attorneys fees by stipulation)
Barnes v. PHA, et al., C.A. #94-2490 (E.D. Pa. 1994) (Giles, J.)
(Attorneys fees by stipulation)
Baylis v. Phila Housing Authority, et al.; Bky #90-10129S; Adv
Proc #90-0143S (Bankr. E.D. Pa 1990) (Scholl, J.)
Baylis v. PHA, et al., C.A. #92-4255 (E.D. Pa 1992) (Buckwalter,
J.) (Attorneys fees stipulated to)
Bailey v. Korman Corp, et al., Bky #87-05361S; Adv Proc #87-0924S
(Bankr. E.D. Pa 1987) (Scholl, J.)
Ball v. Lewis, et al., C.A. #90-1679 (E.D. Pa 1990) (Katz, J.)
Barnes v. PHA, et al., Bky #91-11245S; Adv Proc #91-0177S (Bankr.
E.D. Pa. 1991) (Attorneys fees agreed upon) (Scholl, J.)
Barnes v. PHA, et al., C.A. #94-7283 (E.D. Pa. 1995)
(VanArtsdalen, J.) (Attorneys fees by stipulation)
Bell v. Phila Housing Authority, et al., 97 B.R. 208 (Bankr. E.D.
Pa 1989) (Scholl, J.)
Bennett v. Phila Housing Authority, et al., Bky #87-06365S; Adv
Proc #88-0275S (Bankr. E.D. Pa 1988) (Scholl, J.)
Birckett v. Phila Housing Authority, et al.; Bky #90-14670F; Adv
Proc #90-0039F (Bankr. E.D. Pa 1990) (Fox, J.)
Blakely v. Phila Housing Authority, et al.; Bky #89-11516S; Adv
Proc #89-0494 (Bankr. E.D. Pa 1989) (Scholl, J.)
Bradley v. PHA, et al., C.A. #03-0094 (E.D. Pa. 2003)(Weiner,
J.)(Attorneys fees by stipulation)
Brooks, supra
Brown v. PHA, et al., C.A. #97-5431 (E.D. Pa. 1997) (Giles, J.)
(Attorneys fees by stipulation)
Brown v. PHA, et al., C.A. #97-5449 (E.D. Pa. 1997) (Giles, J.)
(Attorneys fees by stipulation)
Wanda Brunson v PHA, et al., C.A. #98-2781 (E.D. Pa. 1998)
(Shapiro, J.) (Attorneys fees by stipulation)
Bryant v. Phila Housing Authority, et al., Bky #88-14323F; Adv
Proc #89-0025F (Bankr. E.D. Pa 1989) (Fox, J.)
Bryant v. PHA, et al., C.A. #97-4387 (E.D. Pa. 1998) (Joyner, J.)
(Attorneys fees by stipulation)
Bryant v. PHA, et al., C.A. #97-7478 (E.D. Pa. 1999) (Joyner, J.)
(Attorneys fees awarded)
Bullock & McMillian v. PHA, et al., C.A. #94-2506 (E.D. Pa. 1994)
(Waldman, J.) (Attorneys fees by stipulation)
Bullock v. PHA, et al., C.A. #95-3471 (E.D. Pa. 1995) (Waldman,
J.) (Attorneys fees awarded)

Burch v. PHA, et al., C.A. #00-2317 (E.D. Pa. 2000) (Joyner, J.)
(Attorneys fees by stipulation)
Burch v. PHA, et al., C.A. #0-5936 (E.D. Pa. 2001) (Joyner, J.)
(Attorneys fees by stipulation)
Burnett v. PHA, et al., C.A. #93-4966 (E.D. Pa. 1994) (Bechtle,
J.) (Attorneys fees by stipulation)
Burnett v. Phila Housing Authority, et al.; Bky #88-14442S; Adv
Proc. #89-0157S (Bankr. E.D. Pa 1988) (Scholl, J.)
Burnett v. Phila Housing Authority, et al.; C.A. #91-4271 (E.D.
Pa) (Fullam, J.)
Burns v. Phila Housing Authority, et al., Bky #90-11256S; Adv
Proc #90-0383 (Bankr. E.D. Pa 1990) (Scholl, J.)
Butler v. U.S. Dept Housing & Urban Development, et al., 595
F.Supp. 1041 (E.D. Pa 1984) (Katz, J.) (Attorneys fees awarded)
Butts v. PHA, et al., C.A. #98-1757 (E.D. Pa. 1998) (R. Kelly,
J.) (Attorneys fees by stipulation)
Caldwell v. PHA, et al., C.A. #95-2069 (E.D. Pa. 1995)
(Buckwalter, J.) (Attorneys fees awarded)
Campbell v. PHA, et al., C.A. #93-5772 (E.D. Pa. 1994) (Waldman,
J.) (Attorneys fees awarded)
Carr v. PHA, et al., C.A. #97-6948 (E.D. Pa. 1998) (Giles, J.)
(Attorneys fees by stipulation)
Carr v. PHA, et al., C.A. #98-4131 (E.D. Pa. 1999) (Giles, J.)
Carr v. PHA, et al., C.A. #99-0649 (E.D. Pa. 1999) (Giles, J.)
Carrero v. PHA, et al., C.A. #93-4029 (E.D. Pa. 1994) (DuBois,
J.) (Attorneys fees awarded)
Carter v. PHA, et al., C.A. #91-7819 (E.D. Pa. 1992) (R. Kelly,
J.) (Attorneys fees stipulated to.)
Carter v. PHA, et al., C.A. #92-4116 (E.D. Pa 1992) (Padova, J.)
(Attorneys fees stipulated to)
Carter v. PHA, et al., C.A. #99-1749 (E.D. Pa 2000) (Attorneys
fees by stipulation)
Carter v. PHA, et al., C.A. #03-1520 (E.D. Pa. 2003)(Fullam,
J.)(Attorneys fees by stipualtion)
Cheely v. PHA, et al., C.A. #92-7238 (E.D. Pa. 1996) (DuBois, J.)
(Attorneys fees by stipulation)
Clark v. PHA, et al., C.A. #98-6301 (E.D. Pa. 1999) (Attorneys
fees by stipulation)
Clements, supra
Collazo v. PHA, et al., C.A. #96-8182 (E.D. Pa. 1997) (Dalzell,
J.) (Attorneys fees by stipulation)
Cook v. Phila Housing Authority, et al.; Bky #89-11671F; Adv Proc
#89-0531 (Bankr. E.D. Pa 1989) (Fox, J.)
Cook v. PHA, et al., C.A. #02-7223 (E.D. Pa. 2002) (Davis, J.)
(Attorneys fees by stipulation)
Cook v. PHA, et al, C.A. #00-1306 (E.D. Pa 2003) (Bartle, J.)
(Attorneys fees by stipulation)
Cooper v. PHA, et al., C.A. #97-1802 (E.D. Pa. 1997) (Katz, J.)
(Attorneys fees by stipulation)
Cooper v. PHA, et al., C.A. #99-1853 (E.D. Pa 1999) (Katz, J.)
(Attorneys fees awarded)
Lydia Correa v. PHA, et al., C.A. #96-0141 (E.D. Pa. 1996)
(Broderick, J.) (Attorneys fees by stipulation)
Cottle v. Phila Housing Authority, et al., Bky #88-14199F; Adv

3

Proc #89-0077 (Bankr. E.D. Pa 1989) (Fox, J.)
Cox v. Phila Housing Authority, et al., Bky #89-10526S; Adv Proc
#89-0300 (Bankr. E.D. Pa 1989) (Scholl, J.)
Crawford v. Phila Housing Authority, et al., Bky #88-12984S; Adv
Proc #89-2335 (Bankr. E.D. Pa 1989) (Scholl, J.)
Cropper v. Phila Housing Authority, et al. Bky #88-12249F Adv
Proc #88-2048 (Bankr. E.D. Pa 1988) (Fox, J.)
Crumety v. Phila Housing Authority, et al., Bky #88-14054F; Adv
Proc #89-0001F (Bankr. E.D. Pa 1989) (Fox, J.)
Crutchfield v. Phila Housing Authority, et al.; Bky #89-13195S;
Adv Proc #89-0941 (Bankr. E.D. Pa 1989) (Scholl, J.)
Dabney v. PHA, et al., C.A. #03-0980 (E.D. Pa. 2003)(Brody,
J.)(Attorneys fees by stipulation)
Davis v. PHA, et al., C.A. #02-6901 (E.D. Pa. 2002) (Waldman, J.)
(Attorneys fees by stipulation)
Dawson v. PHA, et al., C.A. #98-2219 (E.D. Pa. 1999) (Attorneys
fees awarded)
Deans v. Phila Housing Authority, et al.; Bky #91-11802F; Adv
Proc #91-0334 (Bankr. E.D. Pa 1991) (Fees awarded at the rate of
$185.00 per hour) (Fox, J.)
Dearry v. Phila Housing Authority, et al.; Bky #90-10761S; Adv
Proc #90-0176S (Bankr. E.D. Pa 1991) (Scholl, J.)
Dickerson v. PHA, et al., C.A. #92-4913 (E.D. Pa 1993)(Hutton,
J.)(Attorneys fees by stipulation)
Drennon v. PHA, et al., C.A. #92-6155 (E.D. Pa 1993)(Smith, M.J.)
(Attorneys fees by stipulation)
Drew v. PHA, et al., C.A. #93-2148 (E.D. Pa 1993)(R. Kelly,
J.)(Attorneys fees by stipulation)
Drinks v. Phila Housing Authority, et al., Bky #89-11289S; Adv
Proc #89-0731 (Bankr. E.D. PA 1990) (Scholl, J.)
Dorsey v. Phila Housing Authority, et al., Bky #89-11859S; Adv
Proc #89-0598 (Bankr. E.D. Pa 1989) (Scholl, J.)
Duffy v. Phila Housing Authority, et al.), Bky #88-14197F; Adv
Proc #89-0208F (Bankr. E.D. Pa 1989) (Fox, J.)
Duffy v. PHA, et al., C.A. #93-635 (E.D. Pa 1993) (R. Kelly, J.)
(Attorneys fees by stipulation)
Dunbar v. Phila Housing Authority, et al., Bky #88-14196S; Adv
Proc #89-0016 (Bankr. E.D. Pa 1989) (Scholl, J.)
Dunbar v. Phila Housing Authority, C.A. #91-5978 (E.D. Pa 1991)
(VanAntwerpen, J.) (Attorneys fees by stipulation)
Eads v. Phila Housing Authority, et al.; Bky #90-10850S; Adv Proc
#90-0274 (Bankr. E.D. Pa 1990) (Scholl, J.)
Eads v. PHA, et al., C.A. #91-7003 (E.D. Pa 1992) (Hutton, J.)
Eads v. PHA, et al., C.A. #93-1806 (E.D. Pa 1993)(DuBois,
J.)(Attorneys fees by stipulation)
Earl v. PHA, et al., Bky #97-32982DWS; Adv Proc #97-1101 (Bankr.,
E.D. Pa. 1997)(Sigmund, J.) (Attorneys fees by stipulation)
Eason v. Phila Housing Authority, et al.; Bky #89-14686S; Adv
Proc #90-0077S (Bankr. E.D. Pa 1990) (Scholl, J.)
Edwards v. Phila Housing Authority, et al., Bky #89-14531F; Adv
Proc #90-0124 (Bankr. E.D. Pa 1990) (Fox, J.)
Evans v. PHA, et al., C.A. #98-1979 (E.D. Pa. 1998) (Hutton, J.)
(Attorneys fees by stipulation)
Evans v. Phila Housing Authority, et al.; Bky #90-11259F; Adv

4

Proc #90-0334 (Bankr. E.D. Pa 1990) (Fox, J.)
Evans v. PHA, et al., C.A. #93-5547 (E.D. Pa 1993) (Gawthrop, J.)
Evans v. PHA, et al., Bky #92-14962S; Adv Proc #92-0827S (Bankr.
E. D. Pa 1993) (Scholl, J.) (Attorneys fees awarded)
Farley v. PHA, et al., C.A. #01-1294 (E.D. Pa. 2002) (Schiller,
J.)
Farley v. PHA, et al., C.A. #95-6616 (E.D. Pa. 1996) (R. Kelly,
J.)
Faulkner v. PHA, et al., C.A. #94-1584 (E.D. Pa. 1994) (Green,
J.) (Attorneys fees by stipulation)
Faulkner v. PHA, et al., C.A. #94-7384 (E.D. Pa. 1995) (Green,
J.) (Attorneys fees by stipulation)
Flamer v. Phila Housing Authority, et al., Bky #89-11278S; Adv
Proc #89-0337 (Bankr. E.D. Pa 1989) (Scholl, J.)
Floyd v. PHA, et al., C.A. #00-0289 (E.D. Pa. 2000) (Robreno, J.)
(Attorneys fees by stipulation)
Foy v. PHA, et al., C.A. #02-7980 (E.D. Pa. 2003)(Baylson,
J.)(Attorneys fees by stipulation)
Foy v. PHA, et al., C.A. #03-1521 (E.D. Pa. 2003) (Baylson, J.)
(Attorneys fees by stipulation)
Fowler v. PHA, et al., C.A . #95-0304 (E.D. Pa. 1995) (DuBois,
J.) (Attorneys fees by stipulation)
Franks v. PHA, et al., C.A. #94-6938 (E.D. Pa. 1996) (Angell,
M.J.) (Attorneys fees by stipulation)
Franks v. PHA, et al., C.A. #97-0738 (E.D. Pa. 1997) (Yohn, J.)
(Attorneys fees by stipulation
Franks v. PHA, et al., C.A. #98-0565 (E.D. Pa. 1998) (Yohn, J.)
(Attorneys fees by stipulation)
Freeman v. PHA, et al., C.A. #98-6489 (E.D. Pa. 1999) (Giles, J.)
(Attorneys fees awarded)
Garner v. Phila Housing Authority, et al.; C.A. #91-2512 (E.D. Pa
1991) (fees awarded) (Weiner, J.)
Gauthier v. PHA, et al., C.A. #98-3419 (E.D. Pa.
1998)(Buckwalter, J.) (Attorneys fees awarded)
Glee v. Phila Housing Authority, et al.; Bky #89-12939F; Adv Proc
#89-0896 (Bankr. E.D. Pa 1989) (Fox, J.)
Glenn v. Phila Housing Authority, et al., Bky #88-14219F; Adv
Proc #89-0044 (Bankr. E.D. Pa 1989) (Fox, J.).
Glover v. PHA, et al., C.A. #91-3511 (E.D. Pa 1991) (Weiner, J.)
(Fees stipulated to in 10/91).
Goodmond v. Phila Housing Authority, et al., C.A. #90-7360 (E.D.
Pa. 1991) (Giles, J.) (Fees awarded under 42 U.S.C. § 1983 on
7/1/91)
Green v. Phila Housing Authority, et al., C.A. #92-6001 (E.D. Pa
1992) (Yohn, J.) (Attorneys fees stipulated to)
Greene v. Phila Housing Authority, et al.,; Bky #89-12307S; Adv
Proc 89-0735 (Bankr. E.D. Pa 1989) (Scholl, J.)
Hamilton v. PHA, et al., C.A. #00-1152 (E.D. Pa. 2000)(R. Kelly,
J.)(Attorneys fees by stipulation)
Hamlin v.PHA, et al., C.A. #00-5344 (E.D. Pa. 2002)(Weiner,
J.)(Fees awarded)
Hankins v. Phila Housing Authority, et al., Bky #88-11036; Adv
Proc #88-0455 (Bankr. E.D. Pa 1988) (Fox, J.)
Hansberry v. PHA, et al., C.A. #92-2630 (E.D. Pa 1992) (Waldman,

5

J.) (Attorneys fees stipulated to)
Hansberry v. PGW, et al., Bky #92-10018S; Adv Proc #92-0632
(Bankr. E.D. Pa 1992) (Scholl, J.)
Hansberry v. PHA, et al., C.A #02-0277 (E.D. Pa. 2002)(Angell,
M.J.)
Harrell v. PHA, et al., C.A. #92-4626 (E.D. Pa 1993) (Waldman,
J.) (attorneys fees by stipulation)
Harrington v. PHA, et al., C.A. #94-6974 (E.D. Pa. 1994) (Weiner,
J.) (attorneys fees by stipulation)
Harris v. Phila Housing Authority, et al., (Bky #88-11240F; Adv
Proc #88-0477F (Bankr. E.D. Pa 1988) (Fox, J.)
Harris v. U.S. Dept Housing & Urban Development, et al., C.A.
#85-0489 (E.D. Pa 1986) (Fullam, J.) (Attorneys fees awarded)
Haslam v. PHA, et al., C.A. #92-0075 (E.D. Pa) (McGlynn, J.)
(Attorneys fees awarded)
Haynes v. PHA, et al., C.A. #93-1147 (E.D. Pa. 1993) (Newcomer,
J.) (Attorneys fees by stipulation)
Highter v. PHA, et al., C.A. #94-0599 (E.,D. Pa. 1994) (Dalzell,
J.) (Attorneys fees by stipulation)
Hightower v. Phila Housing Authority, et al; C.A. #90-6154 (E.D.
Pa 1990) (Giles, J.)
Hightower v. PHA, et al., C.A. #93-5224 (E.D. Pa. 1994) (Reed,
J.) (Attorneys fees awarded)
Hightower v. PHA, et al., C.A. #98-2753 (E.D. Pa. 1998) (Reuter,
M.J.)(Attorneys fees awarded)
Hill v. PHA, et al., C.A. #99-1799 (E.D. Pa. 2000) (Robreno,
J.)(Attorneys fees by stipulation)
Hill v. PHA, et al., C.A. #00-6466 (E.D. Pa. 2002) (Kauffman, J.)
(Attorneys fees awarded)
Hobbs v. PHA, et al., C.A. #98-6535 (E.D. Pa. 1999) (DuBois, J.)
Holland, supra
Holmes v. Phila Housing Authority, et al.; C.A. #90-1739 (E.D. Pa
1991) (Katz, J.) (Attorneys fees agreed to)
Holmes v. PHA, et al, C.A. #97-4665 (E.D. Pa. 1997) (Yohn, J.)
(Attorneys fees by stipulation)
Hosey v. Phila Housing Authority, et al; C.A. #91-3061 (E.D. Pa
1991) (Green, J.) (Attorneys fees agreed upon)
Hosey v. PHA, et al., C.A. #92-3605 (E.D. Pa 1993) (Smith, J.)
(Attorneys fees by stipulation)
Horton v. Phila Housing Authority, et al., Bky #88-12350S; Adv
Proc #88-2177S (Bankr. E.D. Pa 1988) (Scholl, J.)
Houston v. Phila Housing Authority, et al.; Bky #89-14570S; Adv
Proc #90-0029 (Bankr. E.D. Pa 1990) (Scholl, J.)
Huderson v. U.S. Dept Housing & Urban Development, et al., C.A.
86-2901 (E.D. Pa 1988) (Pollak, J.); subsequent decision and
award of attorneys fees in Bky #84-01172S; Adv Proc #84-0582S
(Bankr. E.D. Pa 1989) (Scholl, J.); Aff'd C.A. #89-2152 (E.D. Pa
1989) (Pollak, J.)
Hughes v. PHA, et al., C.A. #99-0796 (E.D. Pa 1999)(Weiner,
J.)(Attorneys fees awarded)
Imes, supra.
Imes v. Phila Housing Authority, et al., C.A. #91-6163 (E.D. Pa
1991) (R. Kelly, J.) (Attorneys fees stipulated)
Ireland v. PHA, et al., Bky #92-14294S; Adv Proc #92-0807S

(Bankr. E.D. Pa 1993) (Scholl, J.) (attorneys fees awarded)
Isaac v. PHA, et al., C.A. #94-3350 (E.D. Pa. 1994) (Ludwig, J.)
(Attorneys fees by stipulation)
Jackson v. Phila Housing Authority, et al., Bky #88-13997F; Adv
Proc #88-2341F (Bankr. E.D. Pa 1988) (Fox, J.)
Jackson v. PHA, et al., C.A. #98-5531 (E.D. Pa. 1998) (Broderick,
J.) (Attorneys fees by stipulation)
Jackson v. PHA, et al., C.A. #93-6258 (E.D. Pa. 1994) (Yohn, J.)
Jackson v. PHA, et al., C.A. #94-6158 (E.D. Pa. 1994) (Yohn, J.)
(Attorneys fees by stipulation)
Jackson v. PHA, et al., C.A. #93-6314 (E.D. Pa. 1994) (Padova,
J.) (Attorneys fees awarded)
Jackson v. PHA, et al., C.A. #96-1173 (E.D. Pa. 1996) (J. Kelly,
J.) (Attorneys fees by stipulation)
Jackson v. PHA, et al., C.A. #96-8277 (E.D. Pa. 1997) (J. Kelly,
J.) (Attorneys fees by stipulation)
Jackson v. PHA, et al., C.A. #97-7041 (E.D. Pa. 1998) (J. Kelly,
J.) (Attorneys fees by stipulation)
Janjanin v. PHA, et al., C.A. #98-4878 (E.D. Pa. 1999) (DuBois,
J.)(Attorneys fees awarded)
Jenkins v. Phila Housing Authority, et al.; Bky #89-13992F; Adv
Proc #89-1175 (Bankr. E.D. Pa 1990) (Fox, J.)
Johnson v. PHA, et al., C.A. #96-0671 (E.D. Pa. 1996) (Pollack,
J.) (Attorneys fees by stipulation)
Johnson v. Phila Housing Authority, et al. Bky #90-10232S; Adv
Proc #90-0157 (Bankr. E.D. PA 1990) (Scholl, J.)
Johnson v. PHA, et al., C.A. #94-7096 (E.D. Pa. 1995) (Ludwig,
J.) (Attorneys fees by stipulation)
Jones v. Phila Housing Authority, et al., C.A. #90-2048 (E.D. Pa
1990) (McGlyn, J.)
Jones v. Phila Housing Authority, et al., C.A #91-1685 (E.D. Pa
1991) (Fees awarded at the rate of $185.00 per hour)
(VanAntwerpen, J.)
Jones v. PHA, et al., C.A. #94-3349 (E.D. Pa. 1994) (Green, J.)
(Attorneys fees by stipulation)
Jones v. PHA, et al., C.A. #97-6949 (E.D. Pa. 1998) (Fullam, J.)
(Attorneys fees by stipulation)
Jones v. PHA, et al., C.A. #99-0067 (E.D. Pa. 1999) (Shapiro, J.)
(Attorneys fees awarded)
Jones v. PHA, et al., C.A. #98-6262 (E.D. Pa. 1999) (Buckwalter,
J.) (Attorneys fees awarded)
Jordan v. PHA, et al., C.A. #03-3047 (E.D. Pa. 2003) (Katz, J.)
(Attorneys fees by stipulation)
Jordan v. PHA, et al., C.A. #02-6764 (E.D. Pa. 2002) (Katz, J.)
(Attorneys fees by stipulation)
Keith v. Phila Housing Authority, et al., Bky #89-10437S; Adv
Proc #89-0173S (Bankr. E.D. Pa. 1989) (Scholl, J.)
Keyser v. PHA, et al., C.A. #97-2600 (E.D. Pa. 1997) (Hutton, J.)
(Attorneys fees by stipulation)
King v. PHA, et al., C.A. #94-1585 (E.D. Pa. 1994) (McGlyn, J.)
(Attorneys fees by stipulation)
King v. PHA, et al., C.A. #94-6974 (E.D. Pa. 1994) (Green, J.)
(Attorneys fees by stipulation)
King v. PHA, et al., C.A. #94-6907 (E.D. Pa. 1995) (Giles, J.)

(Attorneys fees by stipulation)
King v. PHA, et al., C.A. #94-6320 (E.D. Pa. 1995) (Hutton, J.)
(Attorneys fees by stipulation)
King v. PHA, et al., C.A. #99-1835 (E.D. Pa. 1999)(Weiner, J.)
(Attorneys fees by stipulation)
Kosh v. PHA, et al., C.A. #97-6806 (E.D. Pa. 1998) (Padova, J.)
(Attorneys fees by stipulation)
Kosh v. PHA, et al., C.A. #97-3932 (E.D. Pa. 1997) (Padova, J.)
(Attorneys fees by stipulation)
Leatherbury v. Phila Housing Authority, et al.; C.A. #90-3163
(E.D. Pa 1990) (R. Kelly, J.)
Lee v. PHA, et al., C.A. #93-1943 (E.D. Pa 1993) (Shapiro, J.)
(Attorneys fees by stipulation)
Lee v. PHA, et al., C.A. #93-6702 (E.D. Pa 1994) (Joyner, J.)
(Attorneys fees by stipulation)
Lee v. Phila Housing Authority, et al., Bky #89-11433S; Adv Proc
#89-0492S (Bankr. E.D. Pa 1989) (Scholl, J.)
Lewis v. PHA, et al., C.A. #93-4470 (E.D. Pa 1994) (Brody, J.)
(Attorneys fees awarded)
Lewis v. Phila Housing Authority, et al, Bky #89-11881F; Adv Proc
#89-0597 (Bankr. E.D. Pa 1989) (Fox, J.)
Lewis v. Phila Housing Authority, et al.; Bky #89-12228S; Adv
Proc. #89-0778 (Bankr. E.D. Pa 1989) (Scholl, J.)
Lewis v. PHA, et al., C.A. #92-0770 (E.D. Pa.) (Bartle, J.)
Lewis v. PHA, et al., C.A. #96-8188 (E.D. Pa. 1997) (Green, J.)
(Attorneys fees by stipulation)
Locke v. PHA, et al., C.A. #96-7496 (E.D. Pa. 1997) (Fullam, J.)
(Attorneys fees awarded
Lofton v. PHA, et al., C.A. #93-5099 (E.D. Pa. 1994) (DuBois J.)
(Attorneys fees awarded)
Lofton v. PHA, et al., C.A. #95-0011 (E.D. Pa. 1995) (DuBois, J.)
(Attorneys fees by stipulation)
Lopez v. PHA, et al., C.A. #94-2099 (E.D. Pa. 1994) (McGlynn, J.)
(Attorneys fees by stipulation)
Lopez v. PHA, et al., C.A. #98-4613 (E.D. Pa. 1999) (Padova, J.)
(Attorneys fees by stipulation)
Lord Life v. U.S. Dept Housing & Urban Development, et al., C.A.
#88-9023 (E.D. Pa 1988) (Cahn, J.)
Loveland v. U.S. Dept Housing & Urban Development, et al., C.A.
#86-1274 (E.D. Pa 1986)
MacEwan v. PHA, et al., C.A. #94-7178 (E.D. Pa. 1995) (Yohn, J.)
(Attorneys fees by stipulation)
Mack v. PHA, et al., C.A. #95-0412 (E.D. Pa. 1995) (R. Kelly, J)
(Attorneys fees by stipulation)
Martin v. PHA, et al., C.A. #03-4745 (E.D. Pa 2004) (Bartle, J.)
(Attorneys fees by stipulation)
Massie v. PHA, et al., C.A. #92-4670 (E.D. Pa 1993) (Joyner, J.)
(attorneys fees by stipulation)
Massie v. PHA, et al., C.A. #93-2369 (E.D. Pa 1993)(Joyner,
J.)(Attorneys fees by stipulation)
Massie v. PHA, et al., C.A. #94-1753 (E.D. Pa. 1994) (Joyner, J.)
(Attorneys fees by stipulation)
Massie v. PHA, et al., C.A. #94-4889 (E.D. Pa. 1995) (Joyner, J.)
(Attorneys fees by stipulation)

8

McBride v. PHA, et al., C.A. #99-2152 (E.D. Pa. 1999) (Joyner, J.) (Attorneys fees by stipulation)

McCall v. U.S. Department of Housing & Urban Development, et al., C.A. #85-1310 (E.D. Pa 1985) (McGlynn, J.)

McClain v. Phila Housing Authority, et al., Bky #88-12484S; Adv Proc #88-2246S (Bankr. E.D. Pa 1988) (Scholl, J.)

McDaniel v. PHA, et al., C.A. #93-5720 (E.D. Pa. 1994) (Padova, J.) (Attorneys fees by stipulation)

McDaniel v. PHA, et al., C.A. #97-3352 (E.D. Pa. 1997) (Bartle, J.) (Attorneys fees by stipulation)

McFarland v. PHA, et al., C.A. #92-4790 (E.D. Pa 1993) (Brody, J.) (Attorneys fees by stipulation)

McFarland v. PHA, et al., C.A. #93-1199 (E.D. Pa 1994) (Brody, J.) (Attorneys fees awarded)

McKie v. Phila Housing Authority, et al., Bky #89-11482F; Adv Proc. #89-0493F (Bankr. E.D. Pa 1990) (Fox, J.)

McMillian v. Phila Housing Authority, et al., Bky #89-10137F; Adv Proc #89-0159F (Bankr. E.D. Pa 1989) (Fox, J.)

McMillian v. PHA, et al., C.A. #94-7177 (E.D. Pa. 1995) (Waldman, J.) (Attorneys fees by stipulation)

McMillian & Bullock v. PHA, et al., C.A. #95-3471 (E.D. Pa. 1995) (Waldman, J.) (Attorneys fees awarded)

McNeil v. PHA, et al., C.A. #98-3258 (E.D. Pa. 1998)(Yohn, J.)(Attorneys fees awarded)

Mickey v. PHA, et al., C.A. #93-5059 (E.D. Pa. 1993) (Padova, J.) (Attorneys fees awarded)

Miller v. PHA, et al., C.A. #92-6209 (E.D. Pa 1993) (Yohn, J.) (Attorneys fees by stipulation)

Mobley v. U.S. Dept Housing & Urban Development, #85-1595 (E.D. Pa. 1985)

Monroe v. Phila Housing Authority, et al., Bky #89-10591S; Adv Proc #89-0420 (Bankr. E.D. Pa 1989) (Scholl, J.)

Morris v. PHA, et al., C.A. #96-8488 (E.D. Pa. 1997) (Buckwalter, J.) (Attorneys fees by stipulation)

Morrison v. PHA, et al., C.A. #93-3859 (E.D. Pa 1993) (Ditter, J.) (Attorneys fees by stipulation)

Morrison v. PHA, et al., Bky #93-10726BIF; Adv Proc #93-0351BIF (Bankr. E.D. Pa 1993)(Fox, J.) (Attorneys fees awarded)

Murdock v. Phila Housing Authority, et al.; C.A. #91-1370 (E.D. Pa 1991) (R. Kelly, J.) (Attorneys fees agreed upon)

Nadal v. PHA, et al., C.A. #94-3488 (E.D. Pa. 1995) (Bechtle, J.) (Attorneys fees by stipulation)

Negron v. PHA, et al., C.A. #96-4786 (E.D. Pa. 1996) (Weiner, J.) (Attorneys fees by stipulation)

Nesmith v. Phila Housing Authority, et al., C.A. #89-7581) (E.D. Pa 1989) (Ditter, J.)

Nixon v. PHA, et al., C.A. #93-4889 (E.D. Pa. 1993) (O'Neill, J.) (Attorneys fees by stipulation)

Ollison v. PHA, et al., C.A. #94-145 (E.D. Pa. 1994) (Katz, J.) (Attorneys fees by stipualtion)

Outt v. U.S. Department of Housing & Urban Development, et al., C.A. #84-2289 (E.D. Pa 1985) (Ditter, J.)

Overton v. PHA, et al., C.A. #97-6988 (E.D. Pa. 1998) (Ludwig, J.) (Attorneys fees by stipulation)

Pack v. Phila Housing Authority, et al., C.A. #89-4875 (E.D. Pa 1989) (McGlynn, J.)

Parker v. Phila Housing Authority, et al.; Bky #89-13260S; Adv Proc #89-0954 (Bankr. E.D. Pa 1990) (Scholl, J.)

Patterson v. PHA, et al., C.A. #00-1641 (E.D. Pa. 2000) (Broderick, J.) (Attorneys fees by stipulation)

Pearsall v. PHA, et al., C.A. #97-1696 (E.D. Pa. 1997) (Newcomer, J.) (Attorneys fees by stipulation)

Peterson v. PHA, et al., C.A. #93-6491 (E.D. Pa. 1994) (Gawthrop, J.)

Phillips v. Phila Housing Authority, et al., Bky #89-10316F; Adv Proc #89-0214 (Bankr. E.D. Pa 1989) (Scholl, J.)

Phillips v. PHA, et al., C.A. #93-5060 (E.D. Pa 1993) (Waldman, J.) (Attorneys fees by stipulation)

Phillips vs. Phila Housing Authority, et al., C.A. #92-3834 (E.D. Pa. 1992) (Buckwalter, J.) (Attorneys fees stipulated to)

Phillips v. PHA, et al., C.A. #99-4656 (E.D. Pa. 2000) (Shapiro, J.) (Attorneys fees by stipulation)

Phillips v. PHA, et al., C.A. #00-3175 (E.D. Pa. 2000) (DuBois, J.) (Attorneys fees by stipulation)

Pickett v. Phila Housing Authority, et al., Bky #89-10123F; Adv Proc #89-0205 (Bankr. E.D. Pa. 1989) (Fox, J.)

Prater v. PHA, et al., C.A. #96-0078 (E.D. Pa. 1996) (Hutton, J.) (Attorneys fees by stipulation)

Prater v. PHA, et al., C.A. #96-8690 (E.D. Pa. 1997) (Hutton, J.) (Attorneys fees by stipulation)

Priester  v. PHA, et al., C.A. #91-4272 (E.D. PA 1992) (Padova, J.) (Attorneys fees awarded)

Pritchett v. PHA, et al., C.A. #00-2563 (E.D. Pa. 2000) (Katz, J.) (Attorneys fees awarded)

Purnell v. PHA, et al., C.A. #97-5050 (E.D. Pa. 1997) (Joyner, J.) (Attorneys fees by stipulation)

Randolph v. PHA, et al., C.A. #97-4585 (E.D. Pa. 1998) (Fullam, J.) (Attorneys fees by stipulation)

Randolph v. PHA, et al., C.A. #98-0905 (E.D. Pa. 1998) (Fullam, J.) (Attorneys fees by stipulation)

Ray v. Phila Housing Authority, et al., Bky #89-10690S; Adv Proc #89-0290S (Bankr. E.D. Pa 1989) (Scholl, J.)

Redd v. PHA, et al., C.A. #97-4245 (E.D. Pa. 1997) (Weiner, J.) (Attorneys fees by stipulation)

Reid v. PHA, et al., C.A. #94-6612 (E.D. Pa. 1994) (Ludwig, J.) (Attorneys fees awarded)

Reynolds v. Phila Housing Authority, et al.; Bky #89-11889F; Adv Proc #89-0670 (Bankr. E.D. Pa. 1990) (Fox, J.)

Rhett v. PHA, et al., C.A. #93-3860 (E.D. Pa 1993)(Robreno, J.)(Attorneys fees by stipulation)

Rhett v. PHA, et al.,C.A. #98-1422 (E.D. Pa. 1998) (Buckwalter, J.)

Richardson v. Phila Housing Authority, et al., C.A. #91-4444 (E.D. Penna) (Hutton, J.) (Attorneys fees by stipulation)

Rigney v. PHA, et al., C.A. #93-2190 (E.D. Pa 1993)(Weiner, J.)(Attorneys fees by stipulation)

Rigney v. PHA, et al., C.A. #93-6953 (E.D. PA 1994)(Weiner, J.)(Attorneys fees by stipulation)

10

Rigney v. PHA, et al., C.A. #96-2880) (E.D. Pa. 1996) (Dalzell, J.) (Attorneys fees by stipulation)
Rigney v. PHA, et al., C.A. #97-1695 (E.D. Pa. 1997) (Hutton, J.) (Attorneys fees by stipulation)
Riley v. PHA, et al., C.A. #98-6488 (E.D. Pa. 2000) (Attorneys fees awarded)
Rivera v. PHA, et al., C.A. #95-7658 (E.D. Pa. 1996) (Giles, J.) (Attorneys fees awarded)
Rivera v. PHA, et al., C.A. #97-2301 (E.D. Pa. 1997) (Gawthrop, J.) (Attorneys fees by stipulation)
Rivera v. PHA, et al., C.A. #97-7976 (E.D. Pa. 1998) (Broderick, J.) (Attorneys fees by stipulation)
Rivera v. PHA, et al., C.A. #97-7976 (E.D. Pa. 1999) (Broderick, J.) (Attorneys fees awarded at the rate of $265.00 per hour)
Robbins v. PHA, et al., C.A. #00-0759 (E.D. Pa. 2000) (Fullam, J.) (Attorneys fees by stipulation)
Roberts v. PHA, et al., C.A. #02-4037 (E.D. Pa. 2002)(Ludwig, J.) (Attorneys fees by stipulation)
Robinson v. PHA, et al., C.A. #01-6489 (E.D. Pa. 2002)(Green, J.)(Attorneys fees by stipulation)
Rodriguez v. Phila Housing Authority, et al., C.A. #91-6852 (E.D. Pa. 1991)(Bartle, J.)(Attorneys fees by stipulation)
Rodriguez v. Phila Housing Authority, et al., C.A. #92-0537 (E.D. Penna) (Yohn, J.) (Attorneys fees awarded)
Rodriguez v. PHA, et al., C.A. #93-5898 (E.D. Pa 1994) (Bechtle, J.) (Attorneys fees by stipulation)
Roldan v. PHA, et al., C.A. #95-6649 (E.D. Pa. 1999) (Broderick, J.) (Attorneys fees awarded at the hourly rate of $265.00)
Rollins v. PHA, et al., C.A. #94-7356 (E.D. Pa. 1995) (O'Neill, J) (Attorneys fees by stipulation)
Rose v. PHA, et al., C.A. #93-3551 (E.D. Pa 1993)(Gawthrop, J.)(Attorneys fees by stipulation)
Ross v. PHA, et al., C.A. #92-4068 (E.D. Pa 1992) (Bartle, J.) (Attorneys fees paid by stipulation)
Russell v. PHA, et al., C.A. #95-1206 (E.D. Pa. 1995) (J. Kelly, J.) (Attorneys fees by stipulation)
Savage v. PHA, et al., C.A. #97-2556 (E.D. Pa. 1997) (Robreno, J.) (Attorneys fees by agreement)
Sanders v. PHA, et al., C.A. #92-4864 (E.D. Pa 1992) (Dalzell, J.) (Attorneys fees agreed to by stipulation)
Santiago v. PHA, et al., C.A. #99-4045 (E.D. Pa 2000) (Newcomer, J.) (Attorneys fees awarded)
Sawyer v. PHA, et al., C.A. #00-0724 (E.D. Pa. 2000) (Waldman, J.) (Attorneys fees awarded)
Shaw v. Phila Housing Authority, et al.; C.A. #90-7650 (E.D. Pa 1991) (Newcomer, J.) (Attorneys fees awarded)
Shired v. PHA, et al., C.A. #91-6652 (E.D. Pa 1992) (Green, J.) (Attorneys fees awarded)
Shoemake v. PHA, et al., C.A. #94-0087 (E.D. Pa 1994) (Pollak, J.) (Attorneys fees by stipulation)
Shoemake v. PHA, et al., C.A. #96-8694 (E.D. Pa. 1997) (Fullam, J.) (Attorneys fees by stipulation)
Slater v. PHA, et al., C.A. #92-2705 (E.D. Pa 1992) (Green, J.) (Attorneys fees stipulated to)

Sligh v. PHA, et al., C.A. #00-4517 (E.D. Pa 2000) (Joyner, J.)
(Attorneys fees by stipulation)
Small v. Philadelphia Housing Authority, et al; C.A. #91-0620
(E.D. Pa 1991) (Buckwalter, J.) (Attorneys fees agreed upon)
Small v. PHA, et al., C.A. #97-5348 (E.D. Pa. 1997) (Yohn, J.)
(Attorneys fees by stipulation)
Smallwood v. PHA, et al., C.A. #96-7539 (E.D. Pa. 1997) (Weiner,
J.) (Attorneys fees by stipulation)
Smith v. Phila Housing Authority, et al., Bky #88-13950F; Adv
Proc #88-2312 (Bankr. E.D. Pa 1989) (Fox, J.)
Smith v. PHA, et al., C.A. #92-3460 (E.D. Pa 1992) (J. Kelly, J.)
(Attorneys fees stipulated to)
Smith v. PHA, et al., C.A. #93-4526 (E.D. Pa 1993)(Joyner,
J.)(Attorneys fees by stipulation)
Smith v. PHA, et al., C.A. #94-0147 (E.D. Pa 1994) (J. Kelly, J.)
 (attorneys fees awarded)
Smith v. PHA, et al., C.A. #94-5546 (E.D. Pa. 1995) (Newcomer,
J.) (Attorneys fees by stipulation)
Smith v. PHA, et al., C.A. #94-7174 (E.D. Pa. 1995) (Fullam, J.)
(Attorneys fees by stipulation)
Smith v. PHA, et al., C.A. #94-7258 (E.D. Pa. 1995) (Newcomer,
J.) (Attorneys fees by stipulation)
Smith v. PHA, et al., C.A. #95-6462 (E.D. Pa. 1996) (Newcomer,
J.) (Attorneys fees awarded)
Smith v. PHA, et al., C.A. #98-2874 (E.D. Pa. 1998)(Angell, M.J.)
Smith v. PHA, et al., C.A. #99-6602 (E.D. Pa. 2000) (Broderick,
J.) (Attorneys fees by stipulation)
Snowden v. PHA, et al., C.A. #91-7249 (E.D. Pa 1992) (R. Kelly,
J.) (Attorneys fees stipulated to)
Sokolowska v. PHA, et al., C.A. #93-6737 (E.D. Pa. 1994) (Katz,
J.) (Attorneys fees by stipulation)
Soler v. Phila Housing Authority, et al., Bky #89-10287F; Adv
Proc #89-0206F (Bankr. E.D. Pa 1989) (Fox, J.)
Stanton v. PHA, et al., C.A. #95-3733 (E.D. Pa. 1996) (Waldman,
J.) (Attorneys fees awarded)
Stanton v. PHA, et al., C.A. #98-5358 (E.D. Pa. 1998) (Gawthrop,
J.)
Stevens v. Phila Housing Authority, et al.; Bky #89-14480S; Adv
Proc #90-0018 (Bankr. E.D. Pa 1990) (Scholl, J.)
Stewart v. Phila Housing Authority, et al.; Bky #90-10487S; Adv
Proc. #90-0166 (Bankr. E.D. Pa 1990) (Scholl, J.)
Stubblefield v. Phila Housing Authority, et al., Bky #89-10689S;
Adv Proc #89-0421 (Bankr. E.D. Pa 1989) (Scholl, J.)
Sudler, In re, 71 B.R. 788 (Bankr. E.D. Pa 1987) (Scholl, J.)
Swaayze v. Phila Housing Authority, et al.; C.A. #91-2982 (E.D.
Pa) (VanAntwerpen, J.)
Swaayze v. PHA, et al., C.A. #92-5298 (E.D. Pa 1992) (Waldman,
J.) (Attorneys fees stipulated to)
Swaayze v. PHA, et al., C.A. #93-3323 (E.D. Pa 1993)(Waldman, J.)
Talley v. PHA, et al., C.A. #92-2778 (E.D. Pa 1992) (O'Neil, J.)
(Attorneys fees stipulated to)
Tann v. PHA, et al., C.A. #99-1897 (E.D. Pa. 1999) (Giles, J.)
Taylor v. Phila Housing Authority, et al., Bky #87-05600F; Adv
Proc #87-0947F (Bankr. E.D. Pa 1987) (Fox, J.)

Tharrington v. Phila Housing Authority, et al., Bky #89-12416F;
Adv Proc #89-0633 (Bankr. E.D. Pa 1989) (Fox, J.) (Attorneys fees
awarded 1990)
Tharrington v. Phila Housing Authority, et al., C.A. #91-3962
(E.D. Pa 1991) (R. Kelly, J.) (Attorneys fees stipulated to)
Thomas v. PHA, et al., C.A. #03-4142 (E.D. Pa 2003) (McLaughlin,
J.) (Attorneys fees by stipulation)
Thompson v. PHA, et al., C.A. #99-4641 (E.D. Pa. 2000) (Hutton,
J.) (Attorneys fees by stipulation)
Torrence v. PHA, et al., C.A. #94-2539 (E.D. Pa. 1995) (Dalzell,
J.) (Attorneys fees awarded)
Tootle v. PHA, et al., C.A. #97-2050 (E.D. Pa. 1997) (Fullam, J.)
(Attorneys fees by stipulation)
Treadwell v. Phila Housing Authority, et al.; Bky #89-12568F; Adv
Proc #89-0786F (Bankr. E.D. PA 1989) (Fox, J.)
Vazquez v. PHA, et al., C.A. #93-0182 (E.D. Pa 1993) (Dalzell,
J.) (Attorneys fees by stipulation)
Walker v. Phila Housing Authority, et al.; Bky #89-11392F; Adv
Proc. #89-0513 (Bankr. E.D. Pa 1989) (Fox, J.)
Walker v. PHA, et al., C.A. #94-1200 (E.D. Pa 1994) (Brody, J.)
(Attorneys fees by stipulation)
Claretta Wall v. PHA, et al., C.A. #97-7099 (E.D. Pa. 1998)
(Shapiro, J.) (Attorneys fees by stipulation)
Wallace v. PHA, et al., C.A. #93-3522 (E.D. Pa 1993)(Bartle,
J.)(Attorneys fees by stipulation)
Wallace v. PHA, et al., C.A. #95-4261 (E.D. Pa. 1995)
(VanArtsdalen, J.)
Walters. v. PHA, et al., C.A. #97-5450 (E.D. PA. 1997)
(Broderick, J.) (Attorneys fees by stipulation)
Wannamaker v. Phila Housing Authority, et al., Bky #89-10330S;
Adv Proc #89-0196 (Bankr. E.D. Pa 1989) (Scholl, J.)
Ward v. PHA, et al., C.A. #97-4758 (E.D. Pa. 1997) (Angell, M.J.)
(Attorneys fees by stipulation)
Washington v. PHA, et al., C.A. #01-0413 (E.D. Pa. 2002)
(Buckwalter, J.) (Attorneys fees by stipulation)
Watson v. Phila Housing Authority, et al., Bky #88-14332S; Adv
Proc #89-0119S (Bankr. E.D. Pa 1989) (Scholl, J.)
Watson v. Phila Housing Authority, et al., C.A. #89-4939 (E.D. Pa
1989) (Giles, J.)
Weatherspoon v. PHA, et al., C.A. #92-326 (E.D. Pa 1992) (R.
Kelly, J.) (Attorneys fees stipulated to)
Weatherspoon vs. PHA, et al., C.A. #93-1362 (E.D. Pa 1993) (Katz,
J.) (Attorneys fees by stipulation)
Wesby v. PHA, et al., C.A. #97-7403 (E.D. Pa. 1998)(Waldman, J.)
(Attorneys fees awarded)
Weigant v. U.S. Dept Housing & Urban Development, et al.), C.A.
#84-0839 (E.D. Pa 1985) (O'Neill, J.) (Attorneys fees awarded)
West v. Warner, et al., C.A. #88-9741 (E.D. Pa 1989)
Westbrook v. Phila Housing Authority, et al., C.A. #90-0156 (E.D.
Pa 1990) (Lord, J.) (Attorneys fees awarded)
Wheeler v. Phila Housing Authority, et al., Bky #88-14489F; Adv
Proc #89-0158F (Bankr. E.D. Pa 1989) (Fox, J.)
Wheeler v. PHA, et al., C.A. #97-6648 (E.D. Pa. 1998) (Hutton,
J.) (Attorneys fees by stipulation)

Whichard v. Phila Housing Authority, et al., Bky #89-11962F; Adv Proc #89-0736F (Bankr. E.D. Pa 1989) (Fox, J.)

Witcher v. PHA, et al., C.A. #01-585 (E.D. Pa 2002) (Surrick, J.) (Attorneys fees awarded)

Whitt, et al., supra, (Attorneys fees stipulated to)

Whittaker v. PHA, et al., C.A. #93-6492 (E.D. Pa. 1994) (Weiner, J.) (Attorneys fees by stipulation)

Wiggins v. PHA, et al., C.A. #91-6976 (E.D. Pa 1992) (Waldman, J.) (Attorneys fees stipulated to)

Wilford v. PHA, et al., C.A. #93-5290 (E.D. Pa 1994) (Joyner, J.) (Attorneys fees by stipulation)

Williams v. PHA, et al., C.A. #92-5901 (E.D. Pa 1993)(Buckwalter, J.)(Attorneys fees by stipulation)

Williams v. PHA, et al., C.A. #95-6998 (E.D. Pa. 1996) (Dalzell, J.) (Atorneys fees by stipulation)

Williams v. PHA, et al., C.A. #95-5510 (E.D. Pa. 1996) (Waldman, J.) (Attorneys fees awarded)

Willis v. Phila Housing Authority, et al., C.A. #92-2608 (E.D. Penna) (DuBois, J.) (Attorneys fees by stipulation)

Wilson v. PHA, et al., C.A. #92-0998 (E.D. Pa 1992) (McGlynn, J.) (Attorneys fees stipulated to)

Wilson v. PHA, et al., C.A. #93-0395 (E.D. Pa 1993) (R. Kelly, J.) (Attorneys fees by stipulation)

Wilson v. PHA, et al., C.A. #95-12 (E.D. Pa. 1995) (O'Neill, J.) (Attorneys fees by stipulation)

Winsett v. Phila Housing Authority, et al.; C.A. #90-0017 (E.D. Pa 1990) (J. Kelly, J.) (Attorneys fees awarded)

Witcher v. PHA, et al., C.A. #92-3745 (E.D. Pa 1992) (Yohn, J.) (Attorneys fees by stipulation)

Witcher v. PHA, et al., C.A. #01-0585 (E.D. Pa 2002) (Surrick, J.)

Woods v. PHA, et al., C.A. #99-4803 (E.D. Pa. 2000) (Yohn, J.) (Attorneys fees by stipulation)

Woods v. PHA, et al., C.A. 01-2801 (E.D. Pa. 2001) (Ludwig, J.) (Attorneys fees by stipulation)

Worthy v. Phila Housing Authority, et al.; Bky #90-10168F; Adv Proc #90-0177 (Bankr. E.D. Pa 1991) (Fox, J.)

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA ROBERTS | : | |
|     Plaintiff | : | |
|     vs. | : | C.A. #02-4037 |
| PHILADELPHIA HOUSING AUTHORITY, | : | |
|   et al. | : | |
|     Defendants | : | |

## DECLARATION OF ALAN WHITE, ESQUIRE

1. I am an attorney licensed to practice law in the Commonwealth of Pennsylvania, as well as in the United States District Court for the Eastern District of Pennsylvania, and the United States Court of Appeals for the Third Circuit. I am employed as a supervising attorney at Community Legal Services, Inc. ("CLS") which is located at 3638 N. Broad Street, Philadelphia, PA 19140.

2. I am the Chairperson of the Attorneys Fees Committee at CLS. The CLS Attorneys Fees Committee has the responsibility of setting hourly rates for CLS attorneys who are seeking court-awarded attorneys fees in CLS cases.

3. I began practicing law in 1983, having received a J.D. Degree that year from New York University School of Law. Since September of 1983 I have been employed as a staff attorney at CLS in the Consumer Housing Unit, where I have provided legal assistance to low-income consumers in mortgage foreclosures, bankruptcies, student loan disputes, real estate matters and consumer fraud class actions. I have served on the Education Committee of the Eastern District of Pennsylvania Bankruptcy Conference, I have been a course planner or faculty member for numerous Pennsylvania Bar Institute and Pennsylvania Legal Services continuing legal education programs on consumer and bankruptcy law, and I have taught consumer law as an adjunct

"B"

professor at Temple University and Drake University.

4. The CLS Attorneys Fees Committee establishes hourly rates for lawyers and support staff and coordinates the litigation and settlement of fees cases involving CLS.

5. The governing body of CLS is its Board of Trustees, which is composed primarily of private attorneys appointed by the Chancellor of the Philadelphia Bar Association who are representative of a cross-section of the Philadelphia Bar. The CLS Board has adopted a comprehensive attorney fee schedule based upon a survey of hourly rates charged by private law firms and individual practitioners in Philadelphia.

6. The CLS hourly rate schedule was most recently updated by the CLS Board of Trustees, effective November 1, 2003 (See revised hourly rate schedule effective November 1, 2003 attached hereto as Exhibit "B2"). The 2003 rate schedule was based on a comprehensive survey of the Philadelphia market for attorneys' fees conducted for CLS by an independent firm, Altman, Weil, Inc. (formerly Altman, Weil, Pensa) in 1996. Altman, Weil, Inc. is a legal management consulting firm that publishes various national surveys of law firm economics. The 1996 Altman, Weil, Pensa survey included a cross-section of solo practitioners, small, medium and large law firms, with over 40 firms, representing over 700 attorneys, responding. A copy of the survey is attached hereto as Exhibit "B3". The 1996 figures have been adjusted based on additional data provided by Altman, Weil, Inc. from its annual surveys of law firm hourly billing rates from 1998 to 2003. A copy of that additional data is attached hereto as Exhibit "B4". The 1996 special Altman, Weil, Pensa survey of the Philadelphia market was conducted in part to respond to perceived deficiencies in prior CLS hourly rate surveys conducted on a more informal basis by the Attorney's Fee Committee and/or the Board of Trustees.

7. The CLS hourly fee schedule is used by the CLS Attorney's Fee Committee in

establishing hourly rates for CLS attorneys prior to filing fee motions in order to ensure that uniform criteria based upon prevailing market rates are applied to attorneys seeking court-awarded attorney's fees in CLS cases. The Committee also reviews court decisions as to hourly rates in the Philadelphia area for consistency with the current Rate Schedule.

8. The Third Circuit accepted the CLS hourly fee schedule as a "fair reflection of the prevailing market rates in Philadelphia." Maldonado v. Houstoun, 256 F.3d 181, 187, (3rd Cir. 2001), *quoting*, Rainey v. Philadelphia Housing Auth., 832 F.Supp. 127, 129 (E.D.Pa. 1993), *citing*, Swaayze v. Philadelphia Housing Auth., No. 91-2982, 1992 WL 81598 at *2 (E.D.Pa. Apr. 16, 1992).

9. Based upon my responsibilities and participation in the setting of hourly rates for CLS attorneys and after reviewing attorney fee awards entered in CLS cases, it is my experience that the U.S. District Court for the Eastern District of Pennsylvania has often cited to the CLS hourly rate schedule in deciding fee motions in CLS cases and has generally found that attorney's fees requested under the CLS Fee schedule are fair, reasonable and reflective of prevailing market rates in the Philadelphia legal community.

10. I am familiar with the tasks performed by CLS counsel in their prosecution of the motion for contempt and to enforce in the above matter and I am also familiar with the issues involved.

11. Mr. Donahue is a staff attorney at CLS with 25 years of legal experience and considerable expertise in consumer, housing and federal litigation matters. (See affidavit of Michael Donahue).

12. Based upon a review of Mr. Donahue's responsibilities and experience, the CLS Attorney's Fee Committee has determined his hourly rate to be $300.00 per hour. See Exhibit "B5".

13. Based upon my experience, and my familiarity with the hourly rates charged in the Philadelphia legal community by civil rights practitioners, and without regard to the CLS Attorneys Fees Schedule, I consider an hourly rate of $300.00 per hour to be reasonable in light of prevailing market realities for an attorney of experience and skills similar to those of Mr. Donahue.

This Declaration made under the penalties of perjury. Executed this ___ day of January, 2004, at Philadelphia, Pennsylvania.

_____
Alan White, Esquire

COMMUNITY
LEGAL
SERVICES, INC.

JUNIPER AND LOCUST STREETS
PHILADELPHIA, PA. 19107
215-893-5300

## HOURLY FEE SCHEDULE FOR
## LEGAL STAFF OF COMMUNITY LEGAL SERVICES, INC.

The Board of Trustees of Community Legal Services, Inc. (CLS) has adopted an hourly fee schedule for staff attorneys and para- legals to ensure consistency and reasonableness in the preparation of petitions for attorneys' fees. This schedule was formulated largely in response to Rodriguez v. Taylor, 569 F.2d 1231 (1977), cert. denied, 98 S. Ct. 2254 (1978), which held that the amount of attorneys' fees appropriately awarded to a legal services program, which does not charge its clients, is the objective market value of the services provided by its lawyers and paralegals.

To determine this market value, a committee of CLS staff con- ducted a survey of the hourly rates in Philadelphia charged by sole practitioners and firms of varying size. Twenty-four (24) individual practitioners and firms were contacted. The data collect- ed showed that the range of rates varied from $45.00 to $150.00 per hour. Some attorneys, who have highly specialized skills in, for example, securities and anti-trust litigation, charged as much as $250.00. Typically, new associates are billed at approximately $45.00- $55.00 per hour for the first year or two of their practice. The billing rate for attorneys with three to five years of experience is in the $60.00 to $90.00 range. Beyond that, hourly rates of compensa- tion often depend upon whether an individual has become a partner or particularly skilled in a specialized area of the law. Thus, some

"B1"

COMMUNITY LEGAL SERVICES. INC.

HOURLY FEE SCHEDULE
Page -2-

specialists with five to ten years of experience bill in the $80.00 -
$125.00 range. Generally though, billing rates tend to rise incre-
mentally after the fifth year at about $10.00 - $20.00 per year of
experience, or seniority with the firm, or status (e.g., partner vs.
associate).

The following are typical of the billing rates of major firms
in Philadelphia:

| | |
|---|---|
| $45.00 - $75.00  -- | associates |
| $60.00 - $85.00  -- | young partners |
| $85.00 - $100.00  -- | middle range partners |
| $75.00 - $150.00  -- | senior partners |

The only noticeable difference between CLS and private attor-
neys is that CLS lawyers assume greater litigation responsibilities
at an early stage in their careers. Often they represent clients
at administrative hearings or act as lead counsel in court long
before their counterparts in private practice acquire similar exper-
ience.

Based on the information collected in the survey, which
Rodriguez identified as the appropriate referent for salaried staff
of a publicly-funded legal services organization, a schedule of
hourly rates was recommended to the Board of Trustees by Laurence
Lavin, Director of CLS. These ranges were designed to allow for
varying levels of experience and expertise in litigation among attor-
neys and paralegals in the same job classification.

The Board of Trustees also approved Laurence Lavin's recommen-
dation that a committee of staff be established to review fee petitions

HOURLY FEE SCHEDULE
Page -3-

prior to filing to ensure that uniform criteria are used to deter-
mine the specific hourly rate for a particular staff member and the
appropriateness of an adjustment of that rate to reflect other rele-
vant factors such as the quality of the work performed and the novelty
of the issues involved.

In September, 1978, the CLS Board of Trustees, which is repre-
sentative of a cross-section of the Philadelphia Bar Association,
adopted the following schedule of hourly rates:

| JOB CLASSIFICATION* | HOURLY RATES |
|---|---|
| ATTORNEY I | $40.00 — $50.00 |
| ATTORNEY II | $50.00 — $65.00 |
| ATTORNEY III | $60.00 — $75.00 |
| ATTORNEY IV | $70.00 — $90.00 |
| SENIOR ATTORNEYS<br>MANAGING ATTORNEYS<br>PROJECT HEADS<br>CHIEF OF LAW REFORM | $75.00 — $125.00 |
| PARALEGALS | $20.00 — $35.00 |

October 25, 1978

*The majority of CLS attorneys are classified as Attorney I,II,III
or IV. An Attorney I generally has between 0-1 year of lawyering expe-
ience; Attorneys II and III typically have practiced 1-2 and 2-3 years
respectively. An Attorney IV usually has at least three years, and
frequently has more than five years experience. Senior Attorneys,
Managing Attorneys, Project Heads, and Chief of Law Reform are all ex-
perienced lawyers with expertise in at least one area of the law. The
serve in supervisory capacities and also handle cases of their own.

**COMMUNITY LEGAL SERVICES, INC.**
**ATTORNEYS FEES - SCHEDULE OF HOURLY RATES**
**Effective November 18, 2003**

| CATEGORY | RANGE OF HOURLY RATES |
|---|---|
| Attorneys with post-law school experience under 2 years | $140 — $150 |
| Attorneys with 2-5 years' experience | $160 — $190 |
| Attorneys with 6-10 years' experience | $200 — $250 |
| Attorneys with 11-15 years' experience | $220 — $260 |
| Attorneys with 16-20 years' experience | $250 — $270 |
| Attorneys with 21-25 years' experience | $270 — $310 |
| Attorneys with more than 25 years' experience | $310 - $400 |
| Law Students | $70-$120 |
| Paralegals I and II | $70 - $90 |
| Senior and Supervisory Paralegals | $90-$120 |

*These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data.

11B2

 **Altman Weil Pensa**

November 6, 1996

FIELD(Name)
FIELD(Firm)
FIELD(Address1)
FIELD(Address2)
FIELD(City)

Dear FIELD(Dear):

On behalf of Community Legal Services, Inc. (CLS), the Committee on CLS Attorneys'
Fees and Altman Weil Pensa, Inc., we would like to extend our appreciation to your law
firm for participating in development of Philadelphia benchmark data for lawyers and
paralegals in litigation practice areas for CLS.

Attached to this letter is a copy of the report that went to CLS, absent the attachments
(solicitation letter, instructions and questionnaire).

Again, we thank you for your assistance.

Sincerely,



James D. Cotterman

JDC/emm

Enclosure

cc:    Committee of CLS Attorneys' Fees
        Harold I. Goodman
        Robert C. Heim
        Lorrie McKinley
        David Richman
        Suzanne E. Turner
        Stanley R. Wolfe
        Joanne Zack

San Francisco CA ▲ Westport CT ▲ Newtown Square PA ▲ Bellevue WA ▲ Racine Wi ▲ Melbourne, Australia



# PHILADELPHIA LAW FIRM LITIGATION BILLING RATE SURVEY REPORT

Altman Weil Pensa, Inc., Community Legal Services, Inc., and the Committee on CLS Attorneys' Fees jointly participated in the development of the questionnaire and the solicitation of participants. Altman Weil Pensa conducted the study and prepared the findings.

The survey sought to determine the average and median billing rates by years of experience of litigation lawyers and paralegals in Philadelphia. A copy of the solicitation letter, instructions and questionnaire are appended to the report.

Questionnaires were sent to law firms with litigation practices, excluding personal injury and traditional insurance defense. The number of law firms in Philadelphia meeting those requirements are:

| Size of firm | Number | Respondents |
|---|---|---|
| Solos | 71 | 6 |
| 2-9 lawyers | 156 | 17 |
| 10-49 lawyers | 76 | 10 |
| 50-99 lawyers | 13 | 1 |
| 100 or more lawyers | 16 | 6 |
| Total | 332 | 40 |

The results of the survey are shown for lawyers by years of experience as measured from the earliest date of admission to practice. The Average billing rate is simply the arithmetic mean or the sum or total value of all observations divided by the number of observations. The Median billing rate is the middle or central number in a series of numbers arranged in order of value. There are equal numbers of smaller and larger observations.

## Participants in Litigation Practice Areas

| Number of Respondents | |
|---|---|
| 40 | Total number of firms responding |
| 375 | Partners/Shareholders |
| 344 | Associates |
| 16 | Counsel/Of Counsel |
| 122 | Paralegals |

## Billing Rates

Does your firm distinguish between litigation specialties in establishing hourly rates for individuals in a litigation practice?

### Lawyers

| Percentage | No. of Respondents | |
|---|---|---|
| 15.0 | 6 | Yes |
| 77.5 | 31 | No |
| 7.5 | 3 | No response |

### Paralegals

| Percentage | No. of Respondents | |
|---|---|---|
| 2.5 | 1 | Yes |
| 75.0 | 30 | No |
| 22.5 | 9 | No response |

## Hourly Rate Information

### Paralegal Hourly Rates

| | Hourly Rate | | |
|---|---|---|---|
| Status | No. of Positions | Average | Median |
| Paralegal | 122 | $69 | $65 |

**All Lawyers by Experience**

| | Hourly Rate | | |
|---|---|---|---|
| Years of Experience | No. of Positions | Average | Median |
| Under 2 Years | 74 | $113 | $115 |
| 2 or 3 Years | 94 | 137 | 140 |
| 4 or 5 Years | 62 | 151 | 155 |
| 6 or 7 Years | 56 | 169 | 180 |
| 8 to 10 Years | 91 | 185 | 200 |
| 11 to 15 Years | 116 | 206 | 205 |
| 16 to 20 Years | 89 | 235 | 245 |
| 21 or More Years | 144 | 265 | 275 |

## PARTICIPANTS WHO AGREED TO HAVE FIRM NAME
## INCLUDED IN LIST OF PARTICIPANTS FOR CLS SURVEY

Armando A. Pandola, P.C.
Anderson Greenfield & Dougherty Ltd.
Connolly Epstein Chicco Foxman Engelmyer & Ewing, P.C.
Cozen and O'Connor
Dechert Price & Rhoads
Dilworth, Paxson, Kalish & Kauffman, LLP
Durant & Durant
Freedman & Associates
Hecker Brown Sherry and Johnson
Jablon, Epstein, Wolf & Drucker, P.C.
Jacoby Donner, P.C.
Kohn, Swift & Graf, P.C.
Elinore O'Neill Kolodner
Gilda L. Kramer
Law Offices of Benjamin G. Lipman
Lovitz and Gold, P.C.
Michael E. Markovitz
Miller Dunham & Doering, P.C.
Morgan, Lewis & Bockius LLP
Neil A. Morris Associates, P.C.
Palmer Biezup & Henderson
Pepper, Hamilton & Scheetz
Samuel and Ballard, P.C.
Saul, Ewing, Remick & Saul
Schnader Harrison Segal & Lewis
Spear, Wilderman, Borish, Endy, Spear and Runckel
Spector Gadon & Rosen, P.C.
David V. Stivison
Sugarman & Associates
Synnestvedt & Lechner
Teeters & Harvey
Turner & McDonald, P.C.
Weir & Partners
Zaslow & Associates, P.C.

FIELDNAMES(Name;Firm;Address1;Address2;City;Dear)ENDRECORD

Armando A. Pandola, Jr., EsquireENDFIELD
Armando A. Pandola, P.C.ENDFIELD
The Carlton Business CenterENDFIELD
1819 J.F.K. Boulevard, Suite 400ENDFIELD
Philadelphia, PA  19103ENDFIELD
Mr. PandolaENDFIELD
ENDRECORD

Marjorie E. Greenfield, Attorney at LawENDFIELD
Anderson Greenfield & Dougherty Ltd.ENDFIELD
1100 Penn Mutual TowerENDFIELD
510 Walnut StreetENDFIELD
Philadelphia, PA  19106-3610ENDFIELD
Ms. GreenfieldENDFIELD
ENDRECORD

Barbara W. Freedman, Attorney at LawENDFIELD
Freedman & AssociatesENDFIELD
One South Penn Square, 17th FloorENDFIELD
ENDFIELD
Philadelphia, PA  19107ENDFIELD
Ms. FreedmanENDFIELD
ENDRECORD

Richard M. Gillis, Jr., EsquireENDFIELD
Law Office of Richard M. Gillis, Jr.ENDFIELD
Suite 1420 Robinson BuildingENDFIELD
Forty-Two South Fifteenth StreetENDFIELD
Philadelphia, PA  19102-2293ENDFIELD
Mr. GillisENDFIELD
ENDRECORD

David V. Stivison, EsquireENDFIELD
Law Office of David V. StivisonENDFIELD
870 North 30th StreetENDFIELD
ENDFIELD
Philadelphia, PA  19130-1104ENDFIELD
Mr. StivisonENDFIELD
ENDRECORD

Alan B. Epstein, EsquireENDFIELD
Jablon, Epstein, Wolf & DruckerENDFIELD
The Bellevue, Ninth FloorENDFIELD
Broad Street at WalnutENDFIELD
Philadelphia, PA  19102ENDFIELD
Mr. EpsteinENDFIELD
ENDRECORD

Joanne Zack, Attorney at LawENDFIELD
Kohn, Swift & Graf, P.C.ENDFIELD
Suite 2400, 1101 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA 19107ENDFIELD
JoanneENDFIELD
ENDRECORD

Richard P. Shappell, ControllerENDFIELD
Dilworth, Paxson, Kalish & Kauffman, LLPENDFIELD
3200 Mellon Bank CenterENDFIELD
1735 Market StreetENDFIELD
Philadelphia, PA 19103ENDFIELD
Mr. ShappellENDFIELD
ENDRECORD

Carla M. Chiaro, Recruitment CoordinatorENDFIELD
Cozen and O'Connor, P.C.ENDFIELD
1900 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA 19103ENDFIELD
Ms. ChiaroENDFIELD
ENDRECORD

Michael E. Markovitz, EsquireENDFIELD
Law Office of Michael E. MarkovitzENDFIELD
Suite 750 Curtis CenterENDFIELD
Sixth and Walnut StreetsENDFIELD
Philadelphia, PA 19106ENDFIELD
Mr. MarkovitzENDFIELD
ENDRECORD

Alan A. Turner, EsquireENDFIELD
Turner & McDonald, P.C.ENDFIELD
1725 Spruce StreetENDFIELD
ENDFIELD
Philadelphia, PA 19103ENDFIELD
Mr. TurnerENDFIELD
ENDRECORD

Janice A. Bryson, AdministratorENDFIELD
Synnestvedt & LechnerENDFIELD
2600 Aramark TowerENDFIELD
1101 Market StreetENDFIELD
Philadelphia, PA 19107-2950ENDFIELD
Ms. BrysonENDFIELD
ENDRECORD

Allen D. Black, EsquireENDFIELD
Fine, Kaplan and BlackENDFIELD
23rd Floor, 1845 Walnut StreetENDFIELD
ENDFIELD
Philadelphia, PA  19103ENDFIELD
Mr. BlackENDFIELD
ENDRECORD

William H. Black, Jr., EsquireENDFIELD
Hecker Brown Sherry and JohnsonENDFIELD
1700 Two Logan SquareENDFIELD
18th and Arch StreetsENDFIELD
Philadelphia, PA  19103ENDFIELD
Mr. BlackENDFIELD
ENDRECORD

Tracy McFadden, BookkeeperENDFIELD
Weir & PartnersENDFIELD
Suite 1200, Land Title BuildingENDFIELD
100 South Broad StreetENDFIELD
Philadelphia, PA  19110ENDFIELD
Ms. McFaddenENDFIELD
ENDRECORD

Gilda L. Kramer, Attorney at LawENDFIELD
Law Office of Gilda L. KramerENDFIELD
Suite 1100, 1500 Walnut StreetENDFIELD
ENDFIELD
Philadelphia, PA  19102ENDFIELD
Ms. KramerENDFIELD
ENDRECORD

Ronald J. Harper, EsquireENDFIELD
Harper & PaulENDFIELD
140 West Maplewood AvenueENDFIELD
ENDFIELD
Philadelphia, PA  19144ENDFIELD
Mr. HarperENDFIELD
ENDRECORD

Sidney L. Gold, EsquireENDFIELD
Lovitz and Gold, P.C.ENDFIELD
Eleven Penn CenterENDFIELD
1835 Market Street, Suite 515ENDFIELD
Philadelphia, PA  19103ENDFIELD
Mr. GoldENDFIELD
ENDRECORD

Robert J. Sugarman, EsquireENDFIELD
Sugarman & AssociatesENDFIELD
7th Floor, Robert Morris BuildingENDFIELD
100 North 17th StreetENDFIELD
Philadelphia, PA 19103ENDFIELD
Mr. SugarmanENDFIELD
ENDRECORD

Benjamin G. Lipman, EsquireENDFIELD
Law Office of Benjamin G. LipmanENDFIELD
15th Floor, 1525 Locust StreetENDFIELD
ENDFIELD
Philadelphia, PA 19102ENDFIELD
Mr. LipmanENDFIELD
ENDRECORD

Jerry Zaslow, EsquireENDFIELD
Zaslow & Associates, P.C.ENDFIELD
1700 Sansom Street, 11th FloorENDFIELD
ENDFIELD
Philadelphia, PA 19103-5219ENDFIELD
Mr. ZaslowENDFIELD
ENDRECORD

Henry J. Donner, EsquireENDFIELD
Jacoby Donner, P.C.ENDFIELD
Suite 2000, 1515 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA 19102ENDFIELD
Mr. DonnerENDFIELD
ENDRECORD

Alice W. Ballard, Attorney at LawENDFIELD
Samuel and Ballard, P.C.ENDFIELD
225 South 15th Street, Suite 1700ENDFIELD
ENDFIELD
Philadelphia, PA 19102ENDFIELD
Ms. BallardENDFIELD
ENDRECORD

Elinore O'Neill Kolodner, Attorney at LawENDFIELD
Law Office of Elinore O'Neill KolodnerENDFIELD
Suite 1519 Land Title BuildingENDFIELD
100 South Broad StreetENDFIELD
Philadelphia, PA 19110ENDFIELD
Ms. KolodnerENDFIELD
ENDRECORD

Edward M. Dunham, Jr., EsquireENDFIELD
Miller Dunham & Doering, P.C.ENDFIELD
1515 Market Street, Suite 1300ENDFIELD
ENDFIELD
Philadelphia, PA  19102-1913ENDFIELD
Mr. DunhamENDFIELD
ENDRECORD

Beth Mazur, Office AdministratorENDFIELD
Deasey, Mahoney & Bender, Ltd.ENDFIELD
Three Benjamin Franklin Parkway, Suite 1400ENDFIELD
ENDFIELD
Philadelphia, PA  19102-1374ENDFIELD
Ms. MazurENDFIELD
ENDRECORD

Betty Spolan, AdministratorENDFIELD
Spector Gadon & Rosen, P.C.ENDFIELD
29th Floor, 1700 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA  19103-3913ENDFIELD
Ms. SpolanENDFIELD
ENDRECORD

William M. Kennedy, AdministratorENDFIELD
Palmer Biezup & HendersonENDFIELD
Suite 956 Public Ledger BuildingENDFIELD
620 Chestnut Street - Independence Mall WestENDFIELD
Philadelphia, PA  19106-3409ENDFIELD
Mr. KennedyENDFIELD
ENDRECORD

Frank Hilt, Paralegal/Legal AssistantENDFIELD
Durant & DurantENDFIELD
12th Floor, 400 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA  19106ENDFIELD
Mr. HiltENDFIELD
ENDRECORD

Ralph N. Teeters, EsquireENDFIELD
Teeters & HarveyENDFIELD
Eleven Penn CenterENDFIELD
1835 Market StreetENDFIELD
Philadelphia, PA  19103ENDFIELD
Mr. TeetersENDFIELD
ENDRECORD

Ellen Freedman, Director of AdministrationENDFIELD
Connolly Epstein Chicco Foxman Engelmeyer & Ewing, P.C.ENDFIELD
Ninth Floor, 1515 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA  19102-1909ENDFIELD
Ms. FreedmanENDFIELD
ENDRECORD


Bruce E. Endy, EsquireENDFIELD
Spear, Wilderman, Borish, Endy, Spear and RunckelENDFIELD
230 South Broad Street, Suite 1400ENDFIELD
ENDFIELD
Philadelphia, PA  19102ENDFIELD
Mr. EndyENDFIELD
ENDRECORD


David I. Grunfeld, EsquireENDFIELD
Law Office of David I. GrunfeldENDFIELD
Second Floor, 1201 Chestnut StreetENDFIELD
ENDFIELD
Philadelphia, PA  19107-4827ENDFIELD
Mr. GrunfeldENDFIELD
ENDRECORD


David Unkovic, EsquireENDFIELD
Saul, Ewing, Remick & SaulENDFIELD
3800 Centre Square WestENDFIELD
ENDFIELD
Philadelphia, PA  19102ENDFIELD
Mr. UnkovicENDFIELD
ENDRECORD


Robert C. Heim, EsquireENDFIELD
Dechert Price & RhoadsENDFIELD
4000 Bell Atlantic TowerENDFIELD
1717 Arch StreetENDFIELD
Philadelphia, PA  19103-2793ENDFIELD
RobertENDFIELD
ENDRECORD


Neil A. Morris, EsquireENDFIELD
Neil A. Morris Associates, P.C.ENDFIELD
The Widener Building, Suite 1700ENDFIELD
1339 Chestnut StreetENDFIELD
Philadelphia, PA  19106ENDFIELD
Mr. MorrisENDFIELD
ENDRECORD

John Pooler, Chief Administrative OfficerENDFIELD
Pepper, Hamilton & ScheetzENDFIELD
3000 Two Logan SquareENDFIELD
Eighteenth and Arch StreetsENDFIELD
Philadelphia, PA  19103-2799ENDFIELD
Mr. PoolerENDFIELD
ENDRECORD

Hope A. Comisky, Attorney at LawENDFIELD
Anderson Kill & Olick, P.C.ENDFIELD
1600 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA  19103ENDFIELD
Ms. ComiskyENDFIELD
ENDRECORD

William L. Leonard, EsquireENDFIELD
Schnader Harrison Segal & LewisENDFIELD
Suite 3600, 1600 Market StreetENDFIELD
ENDFIELD
Philadelphia, PA  19103-4252ENDFIELD
Mr. LeonardENDFIELD
ENDRECORD

Joseph A. Torregrossa, EsquireENDFIELD
Morgan, Lewis & Bockius LLPENDFIELD
2000 One Logan SquareENDFIELD
ENDFIELD
Philadelphia, PA  19103-6993ENDFIELD
Mr. TorregrossaENDFIELD
ENDRECORD

# THE 2001 SURVEY OF LAW FIRM ECONOMICS

## METROPOLITAN AREA REPORT

for

### PHILADELPHIA

Conducted by
**ALTMAN WEIL•, INC.**
**CONSULTANTS TO THE LEGAL PROFESSION**

Published by
**ALTMAN WEIL• PUBLICATIONS, INC.**
Two Campus Boulevard, Suite 200
Newtown Square, PA 19073
(610) 886-2000

Visit our website: http://www.altmanweil.com
Shop our new on-line store: https://store.altmanweil.com

| Suite 200 | Suite 535 | Suite 202 | 288 Bishopsgate |
|---|---|---|---|
| Two Campus Boulevard | 2121 N. California Boulevard | 8555 W. Forest Home Avenue | Longon, England EC2M0P |
| Newtown Square, PA 19073 | Walnut Creek, CA 94596 | Milwaukee, WI 53228 | 44 207- 959- 3012 |
| 610-886-2000 | 925-287-8211 | 414-427-5400 | |

Authorization to photocopy information contained in this survey for the internal or personal use of the purchaser, or the internal or personal use of specific individuals in the purchaser's organization, or for use in court proceedings and arbitrations, is granted by Altman Weil Publications, Inc., provided that the source and Altman Weil Publications, Inc., copyright is noted on the reproduction. Copying for purposes other than internal or personal reference or court/arbitration proceedings requires the express permission of Altman Weil Publications, Inc. For permission, contact Dan DiLucchio at Altman Weil Publications, Inc., Two Campus Boulevard, Suite 200, Newtown Square, PA 19073.

COPYRIGHT© 2001, ALTMAN WEIL• PUBLICATIONS, INC., NEWTOWN SQUARE, PA 19073

Altman Weil Publications, Inc.

**METROPOLITAN AREA**
**STANDARD HOURLY BILLING RATES—As of January 1, 2001**
**BY YEAR ADMITTED TO BAR**

| Year Admitted | Number of Offices | Number of Lawyers | RATE | | | | |
|---|---|---|---|---|---|---|---|
| | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| Before 1950 | 2 | 2 | -- | -- | -- | -- | -- |
| 1950 - 1954 | 3 | 3 | -- | -- | -- | -- | -- |
| 1955 - 1959 | 2 | 3 | -- | -- | -- | -- | -- |
| 1960 - 1964 | 5 | 5 | -- | -- | -- | -- | -- |
| 1965 - 1969 | 10 | 23 | 299 | 260 | 330 | 350 | 383 |
| 1970 - 1974 | 12 | 31 | 285 | 250 | 275 | 335 | 360 |
| 1975 - 1979 | 15 | 37 | 273 | 240 | 290 | 320 | 338 |
| 1980 - 1984 | 21 | 58 | 248 | 198 | 265 | 310 | 330 |
| 1985 - 1989 | 22 | 83 | 223 | 170 | 225 | 265 | 316 |
| 1990 | 9 | 13 | 248 | -- | 245 | -- | -- |
| 1991 | 13 | 28 | 201 | 128 | 205 | 258 | 285 |
| 1992 | 8 | 19 | 218 | 195 | 250 | 265 | 270 |
| 1993 | 14 | 21 | 193 | 170 | 180 | 228 | 251 |
| 1994 | 13 | 18 | 192 | 164 | 180 | 215 | 260 |
| 1995 | 12 | 22 | 169 | 139 | 170 | 200 | 210 |
| 1996 | 13 | 26 | 169 | 150 | 173 | 186 | 225 |
| 1997 | 16 | 36 | 154 | 128 | 150 | 184 | 215 |
| 1998 | 15 | 37 | 158 | 135 | 160 | 178 | 205 |
| 1999 | 14 | 30 | 153 | 125 | 148 | 190 | 190 |
| 2000 | 12 | 28 | 142 | 129 | 140 | 173 | 175 |

Philadelphia, PA-NJ Metropolitan Area Analysis

2001 Survey of Law Firm Economics

# ALTMAN WEIL, INC.

P.O. Box 625
Two Campus Boulevard
Newtown Square, PA  19073
(610) 359-9900
FAX (610) 359-0467

May 13, 1999

Alan White
Community Legal Services, Inc.
Law Center North Central
3638 North Broad Street
Philadelphia, PA  19140

**Re:  *Jones v. PHA***

***Altman Weil hourly rate survey***

Dear Mr. White:

I am enclosing custom analysis from Altman Weil's "1998 Survey of Law Firm Economics" in order to support your original request for fees based on the "1996 Philadelphia Law Firm Litigation Billing Rate Survey", also conducted by Altman Weil.

Three different sets of analysis are enclosed.

   1.) Billing Rates for the City of Philadelphia;
   2.) Billing Rates for the State of Pennsylvania, excluding metropolitan areas of Pittsburgh and Philadelphia; and
   3.) Billing Rates for the States of Pennsylvania, New Jersey and Maryland.

I look forward to our conference call.

Sincerely yours,



June A. Ragone


"B4"

Special Analysis for Philadelphia

## STANDARD HOURLY BILLING RATES
### BY YEAR ADMITTED

### As of January 1, 1998 - City of Philadelphia

| Year Admitted | Number of Offices | Number of Lawyers | RATE | | | | |
|---|---|---|---|---|---|---|---|
| | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| 1952 - 1956 | 3 | 3 | -- | -- | -- | -- | -- |
| 1957 - 1961 | 2 | 3 | -- | -- | -- | -- | -- |
| 1962 - 1966 | 5 | 15 | 344 | -- | 345 | -- | -- |
| 1967 - 1971 | 6 | 22 | 327 | 250 | 338 | 385 | 425 |
| 1972 - 1976 | 6 | 25 | 280 | 190 | 320 | 345 | 385 |
| 1977 - 1981 | 6 | 38 | 272 | 235 | 300 | 326 | 347 |
| 1982 - 1986 | 6 | 47 | 238 | 190 | 235 | 300 | 325 |
| 1987 | 5 | 11 | 200 | -- | 200 | -- | -- |
| 1988 | 5 | 14 | 179 | -- | 183 | -- | -- |
| 1989 | 5 | 12 | 224 | -- | 225 | -- | -- |
| 1990 | 5 | 18 | 199 | 186 | 198 | 210 | 278 |
| 1991 | 4 | 13 | -- | -- | -- | -- | -- |
| 1992 | 5 | 19 | 145 | 115 | 153 | 170 | 175 |
| 1993 | 6 | 21 | 137 | 115 | 145 | 165 | 165 |
| 1994 | 5 | 21 | 138 | 118 | 140 | 155 | 165 |
| 1995 | 6 | 23 | 136 | 125 | 145 | 145 | 155 |
| 1996 | 5 | 17 | 137 | 115 | 145 | 145 | 200 |
| 1997 | 4 | 15 | -- | -- | -- | -- | -- |
| 1998 | 1 | 6 | -- | -- | -- | -- | -- |

Altman Weil Publications, Inc.

Special Analysis State of PA

## STANDARD HOURLY BILLING RATES
### BY YEAR ADMITTED

### As of January 1, 1998 - State of PA (Excludes Philadelphia and Pittsburgh)

| Year Admitted | Number of Offices | Number of Lawyers | RATE | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ | |
| 1947 - 1951 | 1 | 1 | -- | -- | -- | -- | -- | |
| 1952 - 1956 | 5 | 6 | -- | -- | -- | -- | -- | |
| 1957 - 1961 | 7 | 13 | 224 | -- | 240 | -- | -- | |
| 1962 - 1966 | 11 | 27 | 218 | 150 | 240 | 265 | 310 | |
| 1967 - 1971 | 9 | 31 | 218 | 190 | 225 | 250 | 295 | |
| 1972 - 1976 | 14 | 68 | 210 | 180 | 225 | 240 | 260 | |
| 1977 - 1981 | 15 | 67 | 201 | 150 | 225 | 240 | 260 | |
| 1982 - 1986 | 14 | 91 | 183 | 160 | 190 | 210 | 225 | |
| 1987 | 5 | 11 | 198 | -- | 210 | -- | -- | |
| 1988 | 7 | 14 | 158 | -- | 168 | -- | -- | |
| 1989 | 8 | 24 | 163 | 140 | 173 | 180 | 188 | |
| 1990 | 5 | 10 | 146 | -- | -- | -- | -- | |
| 1991 | 10 | 21 | 132 | 103 | 135 | 160 | 170 | |
| 1992 | 10 | 22 | 131 | 111 | 130 | 153 | 177 | |
| 1993 | 7 | 16 | 122 | -- | 128 | -- | -- | |
| 1994 | 11 | 21 | 118 | 105 | 110 | 133 | 148 | |
| 1995 | 5 | 21 | 117 | 105 | 110 | 128 | 144 | |
| 1996 | 10 | 22 | 106 | 95 | 105 | 120 | 132 | |
| 1997 | 6 | 13 | 97 | -- | 100 | -- | -- | |
| 1998 | 1 | 1 | -- | -- | -- | -- | -- | |

Special Analysis States of PA, NJ, MD

## STANDARD HOURLY BILLING RATES
### BY YEAR ADMITTED

As of January 1, 1998 - States of PA, NJ, MD

| Year Admitted | Number of Offices | Number of Lawyers | RATE | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| 1947 - 1951 | 3 | 3 | -- | -- | -- | -- | -- |
| 1952 - 1956 | 13 | 17 | 243 | 178 | 267 | 278 | 353 |
| 1957 - 1961 | 16 | 28 | 258 | 216 | 255 | 300 | 381 |
| 1962 - 1966 | 24 | 60 | 256 | 200 | 260 | 310 | 383 |
| 1967 - 1971 | 26 | 80 | 262 | 221 | 250 | 320 | 380 |
| 1972 - 1976 | 32 | 161 | 232 | 190 | 235 | 263 | 312 |
| 1977 - 1981 | 34 | 173 | 225 | 195 | 230 | 250 | 300 |
| 1982 - 1986 | 32 | 231 | 204 | 180 | 200 | 225 | 264 |
| 1987 | 20 | 49 | 188 | 160 | 185 | 210 | 260 |
| 1988 | 21 | 53 | 168 | 140 | 165 | 193 | 235 |
| 1989 | 20 | 53 | 183 | 158 | 180 | 200 | 250 |
| 1990 | 19 | 54 | 168 | 142 | 185 | 191 | 210 |
| 1991 | 28 | 66 | 152 | 125 | 160 | 175 | 190 |
| 1992 | 24 | 62 | 142 | 125 | 140 | 165 | 175 |
| 1993 | 22 | 71 | 135 | 120 | 135 | 150 | 165 |
| 1994 | 25 | 71 | 128 | 110 | 120 | 145 | 155 |
| 1995 | 22 | 79 | 127 | 110 | 125 | 145 | 150 |
| 1996 | 25 | 73 | 120 | 103 | 115 | 130 | 148 |
| 1997 | 15 | 56 | 108 | 100 | 105 | 120 | 126 |
| 1998 | 2 | 7 | -- | -- | -- | -- | -- |

Special Analysis States of PA, NJ, MD

**STANDARD HOURLY BILLING RATES**

**As of January 1, 1998 - States of PA, NJ, MD**

| Status | Number of Offices | Number of Positions | Average $ | RATE | | | |
|---|---|---|---|---|---|---|---|
| | | | | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| Partners/Shareholders | 41 | 778 | 231 | 190 | 230 | 260 | 320 |
| Associates | 40 | 739 | 143 | 115 | 140 | 165 | 190 |
| All Paralegals | 34 | 434 | 78 | 65 | 75 | 85 | 100 |

**STANDARD HOURLY BILLING RATES**
**FOR ALL LITIGATION SPECIALTIES** BY STATUS**

**As of January 1, 1998 - States of PA, NJ, MD**

| Specialty | | Number of Offices | Number of Lawyers | Average $ | RATE | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| Status | Partners/Shareholders | 31 | 305 | 224 | 185 | 225 | 260 | 300 |
| | Associates | 31 | 357 | 138 | 110 | 135 | 160 | 181 |

**The three digit number refers to the coding format used in the questionnaire.

Special Analysis State of PA

## STANDARD HOURLY BILLING RATES

### As of January 1, 1998 - State of PA (Excludes Philadelphia and Pittsburgh)

| Status | Number of Offices | Number of Positions | RATE | | | | |
|---|---|---|---|---|---|---|---|
| | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| Partners/Shareholders | 19 | 291 | 200 | 160 | 200 | 240 | 260 |
| Associates | 18 | 213 | 141 | 105 | 130 | 175 | 210 |
| All Paralegals | 16 | 127 | 72 | 60 | 65 | 80 | 95 |

## STANDARD HOURLY BILLING RATES FOR ALL LITIGATION SPECIALTIES** BY STATUS

### As of January 1, 1998 - State of PA (Excludes Philadelphia and Pittsburgh)

| Specialty | Status | Number of Offices | Number of Lawyers | RATE | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Average $ | Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
| | Partners/Shareholders | 13 | 94 | 196 | 150 | 195 | 240 | 275 |
| | Associates | 14 | 82 | 129 | 100 | 115 | 146 | 180 |

** The three digit number refers to the coding format used in the questionnaire.

1998 Survey of Law Firm Economics

Altman Weil Publications, Inc.

**STANDARD HOURLY BILLING RATES**

**As of January 1, 1998 - City of Philadelphia**

| Status | Number of Offices | Number of Positions | Average $ | RATE Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
|---|---|---|---|---|---|---|---|
| Partners/Shareholders | 7 | 163 | 282 | 235 | 300 | 330 | 385 |
| Associates | 7 | 181 | 146 | 115 | 145 | 168 | 200 |
| All Paralegals | 6 | 104 | 90 | 76 | 90 | 100 | 125 |

**STANDARD HOURLY BILLING RATES**
**FOR ALL LITIGATION SPECIALTIES** BY STATUS**

**As of January 1, 1998 - City of Philadelphia**

| Specialty / Status | Number of Offices | Number of Lawyers | Average $ | RATE Lower Quartile $ | Median $ | Upper Quartile $ | Ninth Decile $ |
|---|---|---|---|---|---|---|---|
| Partners/Shareholders | 6 | 71 | 245 | 150 | 250 | 320 | 345 |
| Associates | 6 | 83 | 133 | 110 | 130 | 155 | 178 |

**The three digit number refers to the coding format used in the questionnaire.

**Community Legal Services, Inc.**
**Interoffice Memorandum**

November 26, 2003

TO: Michael Donahue
FROM: Alan White, chair, Attorneys' Fees Committee
RE: Hourly Rate

    The Attorney's Fees Committee of CLS has established your hourly rate, based upon the current schedule of hourly rates approved by the Board of Trustees, at $300 per hour.

"B3"

ATTORNEY TIME AND ACTIVITY SCHEDULE FOR MICHAEL DONAHUE IN THE CASE OF DONNA ROBERTS V. PHA, et al., C.A. #02-4037

| TIDATE | REASON | TTIME |
|---|---|---|
| 02/21/03 | Letter to RKC with copy of court-approved settlement stipulation | 0.10 |
| 03/26/03 | P/C to client about case status | 0.20 |
| 05/12/03 | Letter to RKC demanding 02-4037 compliance within 30 days | 0.10 |
| 06/17/03 | Drafted renewed motion for contempt, interrogatories, request for production of documents, supporting memorandum of law, certificate of service and service letter to RKC; scanned and electronically filed the motion | 1.70 |
| 07/12/03 | Reviewed defendants' answer to motion to enforce | 0.30 |
| 07/17/03 | Drafted stipulation settling motion for contempt and letter to RKC | 0.50 |
| 10/31/03 | Returned client's P/C--left message | 0.10 |
| 01/12/04 | P/C to RKC about phone conference; Faxed copy of phone confernce order to RKC; P/C from RKC to reschedule phone conference to 1/15 at noon | 0.30 |
| 01/15/04 | Phone conference with RKC and Court canceled | 0.10 |
| 01/22/04 | Drafted attorney time and activity schedule, motion for attorneys fees, proposed order, supporting memorandum of law, and supporting affidavits | 1.70 |
| 01/23/04 | Drafted certification of service; Service letter to RKC; and Service letter to Court with courtesy copy | 0.20 |
| 01/23/04 | Prepared motion for filing and efiled | 0.30 |
| | TOTAL: | 5.60 |



## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONNA ROBERTS** | : |
|     **Plaintiff** | : |
|     **vs.** | : **C.A. #02-4037** |
| **PHILADELPHIA HOUSING AUTHORITY,** | : |
|     **et al.** | : |
|     **Defendants** | : |

## CERTIFICATION OF SERVICE

Michael Donahue, Esquire, counsel for the plaintiff in the above matter, hereby certifies that

he served a copy of the foregoing plaintiff's motion for attorneys fees in the above matter, by

letter dated January 23, 2004, mailed by first class mail, postage prepaid, to the following

address:

Roger K. Ciafre, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103
Counsel for PHA Defendants

Michael Donahue, Esquire
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia., PA 19102
215-981-3700
Counsel for Plaintiff